LAW OFFICE OF MICHAEL D. LIBERTY
Michael D. Liberty (Bar No. 136088)
1290 Howard Avenue, Suite 303
Burlingame, California 94010
Telephone: (650) 685-8085
Facsimile: (650) 685-8086

Attorney for Defendants

FILED

MAY 1 7 2010

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>John A. Ryan and Danielle T. Ryan,<br><br>    Debtors and<br>    Debtors-in-Possession | Case No. 05-32933-DM<br>Chapter 7<br><br>Adversary Proceeding No. 09-3134<br><br>(Removed from Superior Court of Marin County) |
| JOHN A. RYAN, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>NICKLOS CIOLINO,<br>CHARLES CIOLINO,<br>ROBERT AGUILAR,<br>STEPHEN DANIELE,<br>DANIEL DELORENZI,<br>ALMA CIOLINO<br>EVELYN CIOLINO,<br>PRISCILLA AGUILAR and<br>THERESA DANIELE, individually,<br><br>    Defendants. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RULE 9011 SANCTIONS AGAINST DAVID BROWN AND MBV LAW LLP<br><br>Date: June 25, 2010<br>Time: 10:00 a.m.<br>Hon. Dennis Montali |

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RULE 9011 SANCTIONS AGAINST DAVID BROWN AND MBV LAW LLP
(Case No. 05-03450, D.M.)

Case: 09-03134    Doc# 24    Filed: 05/17/10    Entered: 05/18/10 15:36:01    Page 1 of 10

## I. INTRODUCTION

Debtor John Ryan shopped around, finally found a lawyer – David Brown -- to bring a frivolous lawsuit, and filed suit against the defendants herein ("the Ciolino Parties") in Marin County Superior Court, seeking to overturn a 6 year old judgment that had been affirmed on appeal. Ryan's attorneys, David Brown and MBV Law, should be sanctioned because they filed the Marin County action – since removed to this bankruptcy court – to improperly relitigate stale issues solely for harassment. Sanctions here are appropriate. See In re Webre, 88 B.R. 242 (9th Cir. B.A.P. 1988). Ryan's Marin County Superior Court complaint is attached to the accompanying declaration of Michael D. Liberty as Exhibit A.

Under Gaskell v. Weir, 10 F.3d 626 (9th Cir. 1993), sanctions may be based on the attorney fees reasonably incurred by the defendants in defending the lawsuit. (Here, approximately $15,000 to date).

Mr. Brown cannot meet the "reasonable inquiry" standard, since he was at least twice warned of the frivolous nature of his lawsuit, and has refused to dismiss where other reasonable attorneys would do so. Business Guides, Inc. v. Chromatic Commun. Enterprises, Inc., 892 F.2d 802 (9th Cir. 1989), aff'd, 498 U.S. 533, 111 S.Ct. 922 (1991) (Party held to reasonable inquiry standard, even though it did not sign pleading). See also, e.g., Townsend v. Holman Consulting Corp., en banc, 929 F2d 1358 (9th Cir. 1990) (Sanctions may be imposed for failure to conduct reasonable investigation before filing complaint); Maisonville v. F2 America, Inc., 902 F.2d 746 (9th Cir. 1990), cert. denied, Dombroski v. F2America, Inc., 498 U.S. 1025 (1991) (FRCP 11 sanction proper for attorney's failure to make reasonable inquiry before filing factually frivolous motion for reconsideration).

2

## II. STATEMENT OF FACTS

Judgment debtor and defendant JOHN RYAN defrauded Plaintiffs NICKLOS CIOLINO, CHARLES CIOLINO, DANIEL DELORENZI, ROBERT AGUILAR and STEPHEN DANIELE into investing in a fraudulent investment scheme. Plaintiffs filed suit on April 30, 2002 in an underlying fraud action against John Ryan in San Mateo Superior Court ("the underlying fraud action"). On January 22, 2004 – now over six years ago – the Ciolino parties obtained a fraud judgment, the jury finding by clear and convincing evidence that John Ryan had committed fraud. The jury found Ryan liable on all other causes of action. See First Amended Judgments on Jury Verdicts, attached to the accompanying declaration of Michael D. Liberty as Exhibit B. The San Mateo Superior Court Open Access Docket for the underlying case is attached to the accompanying declaration of Michael D. Liberty as Exhibit C.

The Jury Verdict was for over $1,016,000. Ryan appealed the jury verdict. The court of appeal denied the appeal. The appellate court opinion is attached to the Liberty Declaration as Exhibit G.

Ryan recorded fraudulent deeds of trust on his house in favor of his friend Larry Chazen. Ryan also recorded deeds of trust on his house in favor of Ryan's mother, two sisters and their husbands during the punitive damages phase of the underlying fraud case. After finding out about the three fraudulent deeds of trust, and after they obtained their million dollar jury verdict, the Ciolino parties filed suit in San Mateo Superior Court for fraudulent transfers against Ryan, his wife Danielle, Chazen ($964,000 illegal deed of trust), William Stewart (Ryan's friend who recorded an illegal $167,000 deed of trust on Ryan's house), Jean Ryan, Kathy Cavallini, Larry Cavallini, Patricia Judy and Craig Judy. ($750,000 family deed). After the appellate court denied Ryan's underlying

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RULE 9011 SANCTIONS AGAINST DAVID BROWN AND MBV LAW BLP
(Case No. 05-03450, D.M.)

Case: 09-03134   Doc# 24   Filed: 05/17/10   Entered: 05/18/10 15:36:01   Page 3 of 10

fraud appeal and affirmed the jury verdict of plaintiffs' million dollar judgment, Ryan and his wife filed for bankruptcy. Liberty Declaration, Exh. H. Thereafter, a Chapter 11 trustee was appointed. Liberty Declaration, Exh. I. This court found that Ryan's house should be sold. Liberty Declaration, Exh. J. Recently, the trustee dismissed her case. Liberty Declaration, Exh. K.

On July 1, 2009, during the pendency of the bankruptcy, attorney David Brown filed the Marin county Superior Court action. Liberty Declaration Exh. A. The case was removed to Bankruptcy court. The Ciolino Parties are filing a motion for summary judgment, currently scheduled for hearing with this motion, on May 7, 2010. The Ciolino Parties filed this motion for sanctions after the 21 day safe harbor, to be heard concurrently with the motion for summary judgment.

The Ciolino Parties' attorney, Michael D. Liberty, has requested that David Brown dismiss this lawsuit. See Liberty Declaration, Exh. D, F. Mr. Brown refuses. Liberty Declaration, Exh. E. This motion for sanctions was served on Mr. Brown, allowing him a 21 day safe harbor period under Bankruptcy Rule 9011.

Sanctions are appropriate because:

1. The complaint is frivolous in that res judicata bars the action
2. All asserted claims belong to the bankruptcy trustee.
3. The action was maliciously filed in Marin County instead of San Mateo County (where most of the defendants reside).
4. The appellate court already has affirmed the underlying judgment that Mr. Brown is seeking to vacate.

### III. LEGAL ARGUMENT

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RULE 9011 SANCTIONS AGAINST DAVID BROWN AND MBV LAW LLP
(Case No. 05-03450, D.M.)

## A. SANCTIONS UNDER RULE 9011[1]

Rule 9011(a) provides, in pertinent part, that "[e]very petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name." Rule 9011(b) provides further that, by "presenting" a pleading or other paper to the court, the attorney certifies to the court: (1) that the paper "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in expense" and (2) that "the claims, defense, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law...."

Rule 9011(c) permits the court to impose an appropriate sanction if, after notice and a reasonable opportunity to respond, the court determines that Rule 9011(b) has been violated. Rule 9011(d) permits a party in interest to seek Rule 9011 sanctions by a separate motion after first giving the party 21 days notice and opportunity to withdraw the offending paper. The sanctions imposed must be limited to what is sufficient to deter repetition of the conduct giving rise to the sanctions.

If a party is represented by an attorney, only the attorney, not the party, may be subjected to sanctions for asserting a claim or defense. However, either the attorney or the party (or both) may be sanctioned for asserting a claim or defense for an improper purpose: i.e., to harass, delay, or needlessly increase the expense of litigation. Fed. Bankr. Proc. Rule 9011(c)(2)(A). Whether the claim or defense was asserted for an improper purpose is judged by an objective standard: i.e., by

---

[1] Due to the almost identical language of Bankruptcy Rule 9011 and Federal Rule of Civil Procedure 11, courts considering sanctions under Rule 9011 often rely on Rule 11 cases. In re Grantham Bros., 922 F.2d at 1441 (9th Cir.1991); In re Chisum, 847 F.2d 597, 599 (9th Cir.1988)

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RULE 9011 SANCTIONS AGAINST
DAVID BROWN AND MBV LAW
(Case No. 05-03450, D.M.)

what a reasonable attorney or party would have done. Bus. Guides, Inc. v. Chromatic Communications Enters., Inc., 892 F.2d 802, 809-12 (9 Cir. 1989), aff'd, 498 U.S. 533 (1991).

Rule 9011 sanctions are only appropriate if the claims asserted are utterly lacking in support. O'Brien v. Alexander, 101 F.3d at 1489 (2 Cir. 1996). They should not be imposed simply because the party asserting the claims did not prevail. CJC Holdings, Inc. v. Wright & Lato, Inc., 989 F.2d 791, 793 (5th 1993). Rule 9011 "'is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.'" Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9 Cir. 1988)(quoting from Notes of Advisory Committee on Rules, Federal Civil Judicial Procedure and Rules 34 (West 1987). The bankruptcy court, however, has wide discretion to determine the appropriate sanctions under Rule 9011. Hudson v. Moore Business Forms, Inc., 836 F.2d 1156, 1163 (9th Cir.1987); In re Rainbow Magazine, Inc., 136 B.R. 545, 555 (Bankr. 9th Cir.1992)

**B.   THE CLAIMS ASSERTED IN RYAN'S COMPLAINT ARE BOTH MERITLESS AND FRIVOLOUS**

Sanctions are here appropriate because Ryan's claims are utterly lacking in support. O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir.1996). Michael D. Liberty estimates that the Ciolino Parties will incur at least $15,000 in defeating Ryan's claims, including the filing of a motion for summary judgment.

**1.   THE CLAIMS ASSERTED IN THE COMPLAINT BELONG TO THE TRUSTEE NOT JOHN RYAN; RYAN HAS NO STANDING TO BRING OR PROSECUTE THIS CASE.**

Section 544 of the Bankruptcy Code authorizes a bankruptcy trustee to stand in the shoes of the debtor. It is well settled that Ryan lacks standing to bring these claims because only the

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RULE 9011 SANCTIONS AGAINST DAVID BROWN AND JOHN RYAN
(Case No. 05-03450, D.M.)

Case: 09-03134   Doc# 24   Filed: 05/18/10   Entered: 05/18/10 15:36:01   Page 6 of 10

bankruptcy trustee has standing to sue on behalf of the estate. Estate of Spirtos v. San Bernardino County, 443 F.3d 1172, 1177 (9th Cir. 2006). See Bank of Marin v. England, 385 U.S. 99, 101, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966) ("The trustee succeeds only to such rights as the bankrupt possessed; and the trustee is subject to all claims and defenses which might have been asserted against the bankrupt but for the filing of the petition."); In re Kemp, 52 F.3d 546, 553 (5th Cir.1995) ("As a general rule, bankruptcy estates enjoy the same rights that the debtor held immediately prior to the filing of bankruptcy."). Under chapter 7, the trustee administers the case and liquidates the debtor's nonexempt assets. 11 U.S.C. §§ 701, 704. Any such causes of actions are the property of the estate, not Ryan. 11 U.S.C. § 721. Section 726 of the Bankruptcy Code governs the distribution of the property of the estate. Ryan has no standing, and cannot sue the Ciolino Parties. Mr. Brown knows this, as Judge Montali touched on the subject at the case management conference of November 13, 2009. Mr. Liberty warned of this sanction motion, by letter dated January 5, 2010. Liberty Declaration Exh. F. The letter went ignored.

2. **THE CLAIMS ASSERTED IN THE COMPLAINT ARE BARRED BY THE DOCTRINE RES JUDICATA AND/OR COLLATERAL ESTOPPEL**

Ryan's remedy to attack the six year old judgment was to appeal it. Ryan did this, and the appellate court affirmed judgment in favor of the Ciolino parties. Liberty Declaration Exh. G. Ryan did not file any further appeals of the underlying judgment. Under no circumstances is Ryan allowed to file a separate Superior Court lawsuit to attack the judgment. The claim belongs to the bankruptcy trustee (see above), and is barred by collateral estoppel and res judicata.

Res judicata and collateral estoppel are related but discrete doctrines. Res judicata, otherwise known as claim preclusion, has four necessary elements: (1) the parties must be identical; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must have

7

been a final judgment on the merits; and (4) the same cause of action must be involved in both cases. In re Heritage Hotel Partnership I, 160 B.R. 374, 376 (Bankr.9 Cir. 1993). Most of the required elements of collateral estoppel, or issue preclusion, are the same as those of res judicata: i.e., (1) there must have been a fair and full opportunity to litigate the issue in the prior proceeding, (2) the issue must have been lost by a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted must have been a party (or in privity with a party) to the prior action. However, collateral estoppel applies only if the issue in question was actually litigated in the prior proceeding. Rein v. Providian Financial Corp., 252 F.3d 1095, 1099 (9th Cir. 2001).

A federal court will give a state court judgment the same preclusive effect it would be given by another state court. In re Mantz, 343 F.3d 1207, 1214 (9 Cir. 2003). Under California law, res judicata bars relitigation of any cause of action previously determined. The bar is not limited to those issues actually litigated in the prior action; it includes any issues that could have been litigated. Pitzen v. Superior Court, 16 Cal. Rptr. 3d 628, 632 (2004).

Here, Ryan lost at trial, was found to have defrauded the Ciolino Parties by clear and convincing evidence, and the jury awarded punitive damages. Ryan appealed and lost. Ryan filed for bankruptcy. The bankruptcy trustee stands in Ryan's shoes for purposes of the claims Ryan now seeks to bring. Res judicata, or claim preclusion, bars this action. The parties are identical, (except for the wives Brown agreed to dismiss) as Ryan is suing the Ciolino Parties[2]. The prior judgment was rendered by a court of competent jurisdiction; i.e., the San Mateo Superior Court and the California Court of Appeal; there was a final judgment on the merits; and the same cause of

---

[2] Ryan is suing the Ciolino Parties wives, but indicated he will dismiss them. On July 10, 2009 David Brown filed a request for dismissal as to Theresa Daniele and Evelyn Ciolino, leaving Alma Ciolino as the remaining wife. (Note: Alma Ciolino was recently dismissed)

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RULE 9011 SANCTIONS AGAINST DAVID BROWN AND DAVID BROWN AND ASSOC.
(Case No. 05-03450, D.M.)

action is involved in both cases. Ryan and Brown cannot use the court system to overturn a valid fraud judgment. Sanctions are appropriate.

### 3. RYAN'S CLAIMS ARE ASSERTED FOR AN IMPROPER PURPOSE.

The Ciolino Parties seek sanctions under Rule 9011(b)(1) because Brown filed the Marin County Complaint for an improper purpose. Ryan's remedy to attack the underlying judgment was to appeal it. Ryan did this, and the appellate court affirmed judgment in favor of the Ciolino parties. Ryan took no further appeals and the judgment stands. The appropriate sanctions are – at a minimum -- the attorney fees incurred by Michael D. Liberty, attorney for Ciolino Parties. This amount is the least that would serve the deterrence purpose of the rule. See Zambrano v. City of Tustin, 885 F.2d 1473, 1480 (9 Cir. 1989).

This amount is estimated to be approximately $15,000 as Ciolino Parties are now being forced to file a costly motion for summary judgment. At the hearing of this matter, Michael D. Liberty will present the court with a full and complete report of the costs and fees incurred in thwarting this frivolous action.

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Sanctions should be GRANTED.

Dated: May 13, 2010

LAW OFFICE OF MICHAEL D. LIBERTY

By: /s/ Michael D. Liberty
MICHAEL D. LIBERTY
Attorney for Defendants
NICKLOS CIOLINO, CHARLES ROBERT AGUILAR
STEPHEN DANIELE, DANIEL DELORENZI AND
ALMA CIOLINO

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RULE 9011 SANCTIONS AGAINST DAVID BROWN
(Case No. 05-03450, D.M.)

Case: 09-03134   Doc# 24   Filed: 05/17/10   Entered: 05/18/10 15:36:01   Page 9 of 10

# PROOF OF SERVICE

I am a citizen of the United States, over the age of 18 years, and not a party to the within entitled action. I am employed in the County of San Mateo. On this date, I served the following document(s):

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RULE 9011 SANCTIONS AGAINST DAVID BROWN AND MBV LAW LLP

__X__ By placing for collection and mailing, following ordinary business practices at my place of business, a true and correct copy thereof, in a sealed envelope with postage thereon fully prepaid, and addressed as set forth below. I am familiar with the business practice for collection and processing of documents for mailing with the United States Postal Service, said practice being that in the ordinary course of business, documents are deposited with the United States Postal Service on the same day as they are placed for collection.

_____ By personal service on the parties to this action by causing a true and correct copy thereof to be hand delivered to the offices or addresses of the person(s) set forth below:

David Brown
MBV Law LLP
855 Front Street
San Francisco, CA 94111

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 13, 2010 at Burlingame, California.

*Maribel Gomez*

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RULE 9011 SANCTIONS AGAINST DAVID BROWN AND MBV LAW LLP
(Case No. 05-03450, D.M.)

Case: 09-03134   Doc# 24   Filed: 05/13/10   Entered: 05/13/10 15:36:01   Page 10 of 10