1   DAVID J. BROWN, ESQ. (SBN 56628)
    (davidb@mbvlaw.com)
2   MBV LAW LLP
    855 Front Street
3   San Francisco, California 94111
    Telephone:    415-781-4400
4   Facsimile:    415-989-5143

5   Attorneys for Plaintiff John A. Ryan
    And His Attorneys
6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12  In Re                                    CASE NO. 05-32933 Chapter 7

13  JOHN A. RYAN and DANIELLE T.
    RYAN,
14
                         Debtors,
15

16  JOHN A. RYAN, an individual,             ADVERSARY NO. 09-03134

17                         Plaintiff,        PLAINTIFF'S AND HIS ATTORNEYS'
                                             RESPONSE TO DEFENDANTS' MOTION
18       v.                                  FOR RULE 9011 SANCTIONS

19  NICKLOS CIOLINO; CHARLES
    CIOLINO; ROBERT AGUILAR;                 DATE:      AUGUST 6, 2010
20  STEPHEN DANIELE; DANIEL                   TIME:      11:00 AM
    DELORENZI; ALMA CIOLINO; EVELYN          PLACE:     DEPARTMENT 22
21  CIOLINO; PRISCILLA AGUILAR;              JUDGE:     MONTALI
    THERESA DANIELE; and DOES 1 to 25,
22  inclusive,

23                         Defendants.

24

25

26

27

28

RESPONSE TO DEFENDANTS' MOTION FOR RULE 9011 SANCTIONS
ADV. NO. 09-03134

MBV LAW LLP
855 Front Street
SAN FRANCISCO CA 94111

# I.   INTRODUCTION AND SUMMARY OF POINTS

Concurrently with this opposition to the defendants' Rule 9011 sanctions motion, plaintiff and his attorneys submit their opposition to the defendants' motion for summary judgment and supporting declarations.  Plaintiff incorporates by reference that summary judgment opposition and all of its supporting documentation.

In a highly conclusory fashion, Defendants assert several meritless grounds for imposition of sanctions for filing the plaintiff's complaint in State Court in Marin County which later was removed by the defendants to this court.  Even if any of the purported "grounds" for imposition of sanctions were sufficient, which none are, a Rule 9011 sanction for the actions taken in State Court in Marin, or any other county is invalid because no "certification" for purposes of Rule 9011 occurred.  Therefore no sanctions are appropriate.

Defendants claim plaintiff lacks standing to prosecute this claim.  On July 19, 2006 this Court issued its order determining that plaintiff's debts arising out of the judgments rendered in the civil matter were non-dischargeable.  [Brown Declaration re Sanctions Ex. A.]  As a result, these debts follow plaintiff after his bankruptcy discharge, and that fact gives plaintiff standing to challenge them.

Defendants claim res judicata and/or collateral estoppel bar the current action.  Plaintiff's opposition to summary judgment and the cases cited therein, shows that defendants' are simply wrong.  It is well established that equitable relief against a judgment may be obtained when the judgment rendered is based on extrinsic mistake or extrinsic fraud, and that the defenses of *res judicata* and collateral estoppel do not bar the remedies being sought.

Defendants also claim that plaintiff "maliciously filed" the action in Marin County.  This argument is silly.  At the time of the State Court filing, Mr. DeLorenzi was − and may still be − a resident of Marin County.  That makes venue in Marin County (a county in which a defendant resides) proper.  [Brown Declaration re Sanctions Ex. B.]

# II.   FACTS AND ARGUMENT

## A.   Statement of Facts Relevant to Rule 9011 Opposition

On July 1, 2009 plaintiff filed his Complaint in Equity ("Complaint") seeking to undo

M B V   L A W   L L P
855 Front STREET
SAN FRANCISCO CA 94111

judgments rendered against him in a civil suit.  [Brown Declaration re Sanctions Ex. C.]  The basis for his lawsuit was that extrinsic fraud and/or extrinsic mistake prevented him from fairly and fully presenting his case and receiving justice at his trial.  [*Id.*]

On January 5, 2010 counsel for defendants, Mr. Michael Liberty ("Mr. Liberty") sent plaintiff's counsel a letter threatening sanctions.  The letter consisted of exactly six sentences with references to collateral estoppel and/or res judicata and lack of standing.  [Brown Declaration re Sanctions Ex. D.]  Counsel for plaintiff responded to that letter on January 11, 2010.  [Brown Declaration re Sanctions Ex. E.]  Plaintiff's letter responded to both the claim of res judicata and/or collateral estoppel and the lack of standing argument.  [*Id.*]  Although plaintiff responded with much of the authority present in this brief [*id.*], defendants nevertheless brought a motion for Rule 9011 sanctions.

**B.**     **Statement of Law Regarding Sanctions**

Sanctions are discretionary, not mandatory.  Federal Rule of Bankruptcy Procedure 9011(c)(1) ("*may . . . impose an appropriate sanction.*" Emphasis added).  "Rule 11 is an extraordinary remedy on to be exercised with extreme caution.  Such sanctions can have an unintended detrimental impact on an attorney's career and personal well being."  *Conn v. Borjorquez*, 967 F.3d 1418, 1421 (9th Cir. 1992).  Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories."  Notes of Advisory Committee on 1983 Amendments to Rule 11.

**C.**     **Sanctions Are Not Appropriate For Pleadings Filed In State Court**

Federal Rule of Bankruptcy Procedure ("Rule") 9011 is the Bankruptcy counterpart to Federal Rule of Civil Procedure 11 and is nearly identical.  Rule 11 cases are often used in interpreting Rule 9011 sanctions.  Under Rule 9011, it may only be imposed for filings in the Bankruptcy Court.  *Edwards v. General Motors Corp.*, 153 F. 3d 242, 245 (5th Cir. 1998) ("There is no indication, in the text of [Rule 11], that it applies to filings in any court other than a federal district court.  [Fn. omitted.]  Thus, [Rule 11] cannot apply to the petition Crampton filed in state court that thereafter was removed."); *Hurd v. Ralphs Grocery Co.* 824 F.2d 806, 808 (9th Cir. 1987) ("We hold that sanctions cannot be imposed under Rule 11 for filing a paper in state

**RESPONSE TO DEFENDANTS' MOTION FOR RULE 9011 SANCTIONS**
Adv. No. 09-03134

Case: 09-03134    Doc# 31    Filed: 07/09/10    Entered: 07/09/10 16:41:26    Page 3 of 9

M B V    L A W    L L P
855 Front STREET
SAN FRANCISCO   CA 94111

court."); *In re Wolf & Vine, Inc.* 118 B.R. 761, 768 (Bankr. C.D. Cal. 1990) (holding that *Hurd* "precludes this Court from applying rule 9011 to the Wolf's complaint.").

Rule 9011 clearly states "By presenting to the court [a pleading] an attorney . . . is certifying [various requirements under Rule 9011]." No "presentation" to this Court is asserted in the sanctions motion or the safe harbor letter that preceded the sanctions motion. Rather the "presentation" about which the Defendants complaint was presented to the Marin County Superior Court, where it was originally filed. [Brown Declaration re Sanctions Ex. C.] Additionally, no "certification" under Rule 9011 occurred in this matter, as when counsel for plaintiff signed the Complaint he signed it for filing in Marin County Superior Court, not the United States Bankruptcy Court for the Northern District of California. [*Id.*] In following this rule, the *Edwards* Court stated, "To be sure, we have upheld sanctions in removed cases. [Citation.] But such sanctions are proper only insofar as they are based on post-removal filings. [Citation.]" 153 F.3d at 245. Defendants' sanction request concerns only the Complaint, and as such it fails as a matter of law.

While Rule 9011 may when appropriate be used with respect to "later advocating" in Federal Court of a pleading originally made in State Court, such a motion is not present here. First, neither defendants' pre-motion letter not their motion for sanctions argues that plaintiff "later advocated" via inappropriate conduct any action occurring after the case was removed by the defendants. Under Rule 9011(c) the moving papers must "describe the specific conduct alleged" to merit sanctions.

And indeed, no "advocating" of the plaintiff's Complaint in this matter occurred at any time prior to the service of the motion for sanctions. In order for defendants to request sanctions based on later advocacy of the Complaint, defendants must comply with the mandate of Rule 9011(c).

### D. Plaintiff has Standing to Prosecute this Lawsuit

Defendants argue that plaintiff lacks standing, and that this lawsuit belongs to the trustee. Defendants cite the general rule that a trustee succeeds to the debtor's claims. There is, however, a well recognized exception to this general rule. The Court in *In re Wellman*, 37 B.R. 416, 1 n.5

(9th Cir. BAP 2007) [2007 WL 4105275] *citing In re Health*, 331 B.R. 424, 429 (9th Cir. BAP 2005) (Montali, J) stated that:

> Standing to object to claims exists, however, when there is a sufficient possibility of a surplus to give the chapter 7 debtor a pecuniary interest or when the claim involved will not be discharged . . . In this case, Wellman had standing to object to Ziino's claim because the debt was not discharged as a result of the judgment denying her discharge under § 727(a)(4).

Plaintiff currently has non-dischargeable debts with respect to the judgment against which his Complaint is aimed. [Brown Declaration re Sanctions Ex. A.]

Debtor standing under plaintiff's circumstances is logical. Normally, a chapter 7 debtor lacks standing to object to claims because the debtor has no interest in what claims are allowed or disallowed. This is because which creditors are paid is of no consequence to the debtor whose debts will be discharged regardless of payments to one creditor versus another creditor. However, plaintiff's debts have been deemed non-dischargeable. [Brown Declaration re Sanctions Ex. A.] Plaintiff's interest in avoiding non-dischargeable debts is sufficient to give him standing to object to the defendants' claims vis-à-vis this lawsuit.

The law on this issue is in plaintiff's favor. In first two sentences of *McGuirl v. White*, 86 F.3d 1232, 1235-36 (D.C.Cir. 1996) the Court stated:

> The question in this bankruptcy case is whether non-discharged debtors with an insolvent estate have standing to challenge the trustee's application for administrative expenses. Because reducing the administrative expense award will directly reduce the debtors' liability on their non-discharged debts, we hold that the debtors have a sufficient interest to warrant standing.

*See also Mulligan v. Sobiech*, 131 B.R. 917, 920 (S.D. N.Y. 1991) (citing 11 U.S.C. § 502, which states claims are deemed allowed unless objected to by a "party in interest"); *In re Moss*, 320 B.R. 143, 149-50 (Bankr. E.D. Mich. 2005) (recognizing exception and allowing chapter 7 debtor to object to trustee's fee application where debtor had non-dischargeable debts); *In re Manshul Construction Corp.*, 223 B.R. 428, 430 (Bankr. S.D.N.Y. 1998) (debtor lacks standing where debtor lacks non-dischargeable debts).

There is no dearth of law in support of plaintiff's position that because he has non-dischargeable debts, he has standing to prosecute this lawsuit which challenges the debts upon

4

Case: 09-03134   Doc# 31   Filed: 07/09/10   Entered: 07/09/10 16:41:26   Page 5 of 9

M B V  L A W  L L P
8 5 5  F r o n t  S T R E E T
S A N  F R A N C I S C O  C A  9 4 1 1 1

1  which the non-discharagabiliy conclusion was based.[1]  Defendants' contrary contention is

2  meritless.

3       **E.      Collateral Estoppel and/or Res Judicata do not Bar Plaintiff's Lawsuit**

4       Plaintiff, again, explicitly incorporates his opposition to the summary judgment motion in

5  responding to the assertion that his claim is barred by collateral estoppel and/or res judicata.  In

6  considering sanctions based on collateral estoppel and/or res judicata, plaintiff requests the Court

7  consider and examine the law and facts raised in plaintiff's opposition to the summary judgment

8  motion.

9       Defendants' claim that res judicata and/or collateral estoppel bar plaintiff's action is

10  incorrect.  Extrinsic fraud and extrinsic mistake, both of which were pleaded in the Complaint,

11  are well recognized grounds for vacating a judgment.  Witkin has an entire section on this issue.

12  8 Witkin, Cal. Proc. 5th Attack on Judgment in Trial Court § 215, p. 823 (2008).  Indeed,

13  extrinsic fraud and extrinsic mistake are recognized grounds for avoiding the preclusive effect of

14  res judicata and/or collateral estoppel:

15       *Notwithstanding the bar to a subsequent action that may result from application of*
         *the doctrine of res judicata*, a party may still seek relief from a final judgment by
16       appealing to the equitable power of the court.

17

18  *City and County of San Francisco v. Cartagena*, 35 Cal.App.4th 1061, 1066 (1995) (emphasis

19  added).

20       In his opposition to the summary judgment motion, plaintiff identifies extrinsic mistake or

21  fraud sufficient to give rise to a triable issue of material fact.  Plaintiff identifies, among other

22  things:

23       (1) The Securities and Exchange Commission ("SEC") after first asserting in a complaint

24  that Ryan had run a Ponzi scheme of his own and in conjunction with Von Cummings

25  ("Cummings"), and Cummings' company called Paramount Financial Partners, later found:

26       Between January 1, 2001 and July 5, 2001, Ryan was associated with Paramount

27  ───────────────

28  [1]      Plaintiff notes that all of the law cited on this issue was provided to Mr. Michael
Liberty, counsel for defendants, following plaintiff's receipt of a letter from Mr. Liberty
threatening Rule 9011 sanctions.  [Brown Declaration re Sanctions Ex. E.]

Financial, a purported hedge fund that was falsely represented to investors as generating large returns for clients. Unbeknownst to Ryan at the time, Paramount Financial was in fact not a hedge fund and did not buy or sell securities for clients' accounts.

(2) The Federal prosecutors in Ohio after pursuing an investigation, culminating in an indictment of Cummings in 2006 for his Ponzi scheme, and brought no action against Mr. Ryan in connection with Cummings activities.

(3) Cummings took a plea bargain, complete with a 40 month jail sentence, in which he admitted that he was the perpetrator of the fraud and assumed responsibility for what had happened to his victims, including the plaintiffs in the underlying case against Ryan.

(4) The State of Florida prosecutors completed their investigation of an alleged fraudulent scheme by which one of the underlying plaintiffs had been bilked (along with others) and concluding that Ryan was a victim, not a perpetrator, and thanked him for his invaluable help in seeing justice was done.

### F.   Venue is Proper in Marin County

Defendants' contention that plaintiff "maliciously" filed his lawsuit in Marin County Superior Court is specious. Marin County is proper venue.

At the time plaintiff filed his Complaint, defendant Daniel DeLorenzi was a resident of San Rafael, which is located in Marin County. Mr. DeLorenzi was served personally at his home which is located in Marin County. [Brown Declaration re Sanctions Ex. B.] California Code of Civil Procedure § 395 provides that venue is proper in the county where a defendant resides at the commencement of the action. In analogous situations courts have held that actions can be filed either in the court that rendered the original judgment or in another court. *See, e.g., Cademasso v. Bank of Italy*, 214 Cal. 562, 570-71 (1932) (Proper forum is where the former action was brought, or another court of like jurisdiction). Plaintiff's choice of venue is proper. Defendants cite no cases wherein choice of a proper venue provides grounds for sanctions. Beyond that, no showing of malice of any sort has been made.

### G.   Plaintiff Requests Reasonable Attorney's Fees and Costs for Defense of this Rule 9011 Motion

Rule 9011(c)(1) provides that "the court may award to the party prevailing on the motion

6

Case: 09-03134   Doc# 31   Filed: 07/09/10   Entered: 07/09/10 16:41:26   Page 7 of 9

the reasonable expenses and attorney's fees incurred in presenting or opposing the motion."

Plaintiff's opposition to defendants' motion for sanctions shows plaintiff committed no

sanctionable conduct under Rule 9011. Plaintiff walked Mr. Liberty through much of this law in

responding to Mr. Liberty's Rule 9011 letter. [Brown Declaration re Sanctions Ex E.]

Nonetheless, defendants filed their motion for Rule 9011 sanctions.

In *Netbula LLL v. Bindview Development Corp.*, 2007 WL 1694820 (2007 N.D. Cal.)

Magistrate Chen awarded Bindview attorneys fees for its successful defense of a Rule 11 motion.

In *Netbula* LLL the court found the motion for sanctions untimely. Here in addition to being

substantively incorrect as to standing and *res judicata*/collateral estoppel issues, the motion

addressed a pleading filed in State Court, which cannot be sanctioned under Rule 11, or Rule

9011. Because of these circumstances, the Court should determine that plaintiff is entitled to

attorneys fees for responding to the sanctions motion. Plaintiff intends to submit support for a

specific amount of fees under the procedure set forth in the local rules of the United States

District Court for the Northern District of California, Local Rule 54-5 (Motion for Attorney's

Fees) seemingly adopted by the local Bankruptcy Court Rules (albeit with a different reference

number – 54-6 – but with the same name, at Local Rule 1001-2(a)(53)) [current 54-5 appears to

be a recent replacement of 54-6].

///

///

///

///

///

///

///

///

///

///

///

M B V   L A W   L L P
855 Front STREET
SAN FRANCISCO   CA 94111

Case: 09-03134   Doc# 31   Filed: 07/09/10   Entered: 07/09/10 16:41:26   Page 8 of 9

**RESPONSE TO DEFENDANTS' MOTION FOR RULE 9011 SANCTIONS**
ADV. No. 09-03134

M B V   L A W   L L P
8 5 5   F r o n t   S T R E E T
S A N   F R A N C I S C O   C A   9 4 1 1 1

## III. CONCLUSION

As a matter of law, sanctions against plaintiff or his counsel cannot issue. Plaintiff filed his Complaint in state court, and Rule 9011 does not apply to that filing. Neither collateral estoppel nor res judicata bar plaintiff's action in equity, because the action itself is an exception to collateral estoppel and res judicata rules. The plaintiff has standing to bring his lawsuit to undo non-dischargeable judgments rendered against him. Plaintiff should be awarded his fees for successful defense of the sanctions motion.

Dated: July 9, 2010.

Respectfully submitted,

MBV LAW LLP

By:   s/ *David J. Brown*
      David J. Brown
      Attorney for Plaintiff John A. Ryan and his
      Attorneys

Case: 09-03134   Doc# 31   Filed: 07/09/10   Entered: 07/09/10 16:41:26   Page 9 of 9

RESPONSE TO DEFENDANTS' MOTION FOR RULE 9011 SANCTIONS
Adv. No. 09-03134