DAVID J. BROWN, ESQ. (SBN 56628)
MBV LAW LLP
davidbrown@mbvlaw.com
855 Front Street
San Francisco, California 94111
Telephone: 415-781-4400
Facsimile: 415-989-5143

Attorneys for Plaintiff John A. Ryan
And His Attorneys

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re<br><br>JOHN A. RYAN and DANIELLE T. RYAN,<br><br>    Debtors,<br><br>JOHN A. RYAN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>NICKLOS CIOLINO; CHARLES CIOLINO; ROBERT AGUILAR; STEPHEN DANIELE; DANIEL DELORENZI; ALMA CIOLINO; EVELYN CIOLINO; PRISCILLA AGUILAR; THERESA DANIELE; and DOES 1 to 25, inclusive,<br><br>    Defendants. | CASE NO. 05-32933 Chapter 7<br><br><br><br>ADVERSARY NO. 09-03134<br><br>**DECLARATION OF DAVID J. BROWN IN SUPPORT OF PLAINTIFF'S AND HIS ATTORNEYS' REQUEST FOR RULE 56(F) DISCOVERY**<br><br>DATE: AUGUST 6, 2010<br>TIME: 11:00 AM<br>PLACE:<br>JUDGE: MONTALI |

I, David J. Brown, hereby declare:

1. I am employed by MBV Law LLP, attorneys of record for debtor and plaintiff John A. Ryan. I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify to the following.

2. I submit this Declaration under Federal Rule of Civil Procedure 56(f), respectfully requesting the Court deny or continue defendants' motion for Summary judgment and defendants' motion for sanctions and permit plaintiff to pursue additional discovery that I am confident will lead to facts that may be considered essential to plaintiff's ability to oppose the pending Motions. Rule 56(f) provides "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."

3. I believe that summary judgment is inappropriately based by the defendants even on the existing record. However, there are critical facts that may be considered essential to plaintiff's ability to oppose the motion that exist but which we are unable to properly present at this time because the Court stayed discovery prior to hearing the summary judgment motion.

4. Plaintiff's inability to present that evidence at this time was not due to any fault of plaintiff's. Rather, before any discovery had been conducted, this Court stayed all discovery pending the outcome of the summary judgment motion. Mr. Karel's testimony may prove to be an essential key to proving Mr. Ryan's case. As may discovery sought from Ohio prosecutors with respect to the case against Von Cummings, in which Mr. Ryan's relationship with Cummings' Ponzi Scheme was looked at and resulted in no prosecution of Mr. Ryan.

5. Mr. James Karel was defendants' (plaintiffs in the underlying action) expert. Plaintiff seeks to depose Mr. Karel armed with the facts that have recently surfaced.

6. Among other things, plaintiff seeks to investigate is if Mr. Karel's firm believe at trial that Mr. Ryan ran a Ponzi Scheme [Ryan Declaration ¶ 2, Ex. 1, Trial Transcript, 1226:14-1227:3] will change since his opinion was largely based on the SEC Complaint in which it was

1

RULE 56(f) DECLARATION OF DAVID J. BROWN
ADVERSARY NO. 09-03134

recited that Mr. Ryan had been running a Ponzi Scheme. [*Id.* at 1218:21-1219:1.] Since, as noted throughout our papers, the SEC later concluded Mr. Ryan was an unknowing participant in Von Cummings' Ponzi Scheme.

7. Another fact that may alter Mr. Karel's opinion is that that Federal Prosecutors in Ohio indicted Cummings who pleaded guilty, and received a 40 month sentence, without charging Mr. Ryan.

8. An additional fact that may alter Mr. Karel's opinion is that the State of Florida considered Mr. Ryan a victim rather than a perpetrator of the fraud on one of the plaintiffs in the underlying action.

9. These newly discovered facts will likely cause Mr. Karel's opinion to change because the original facts on which he relied to form his opinion were and are incorrect.

10. Important discovery may also be sought from the Ohio prosecutors of Von Cummings, in which Mr. Ryan's relationship to Mr. Cummings' Ponzi Scheme was looked at with the result of no prosecution of Mr. Ryan. While the outcome of such discovery from the Ohio prosecutors is unclear, discovery may confirm that the Ohio prosecutors spent considerable time investigating and concluding that no behavior of Mr. Ryan warranted prosecution. This discovery is important to the timeline of why Mr. Ryan could not have reasonably developed the same information, particularly, as Mr. Cummings' taking of the 5th amendment prevented substantive discovery.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 9, 2010 at San Francisco, California.

/s/ *David J. Brown*
David J. Brown