DAVID J. BROWN, ESQ. (SBN 56628)
MBV LAW LLP
davidbrown@mbvlaw.com
855 Front Street
San Francisco, California 94111
Telephone:     415-781-4400
Facsimile:     415-989-5143

Attorneys for Plaintiff John A. Ryan

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re | CASE NO. 05-32933 Chapter 7 |
| JOHN A. RYAN and DANIELLE T. RYAN, | DECLARATION OF MARGERY J. LEXA |
| Debtors, | |
| JOHN A. RYAN, an individual, | ADVERSARY NO. 09-03134 |
| Plaintiff, | |
| v. | |
| NICKLOS CIOLINO; CHARLES CIOLINO; ROBERT AGUILAR; STEPHEN DANIELE; DANIEL DELORENZI; ALMA CIOLINO; EVELYN CIOLINO; PRISCILLA AGUILAR; THERESA DANIELE; and DOES 1 to 25, inclusive, | |
| Defendants. | |

I, Margery J. Lexa declare:

1.     I am an attorney licensed to practice law in the State of Florida.  I have held the position of Assistant Statewide Prosecutor at the Florida Office of Statewide Prosecution since 2001.  I have direct and specific personal knowledge of the facts set forth herein based on

my activities as Assistant Statewide Prosecutor, and I would testify competently to them if called upon to do so.

    2.     In my employment, I prosecute multi-circuit organized crimes occurring in Florida and assist other law enforcement officials in their efforts against organized crimes.

    3.     On or about the summer of 2000, the Florida Department of Law Enforcement ("FDLE") commenced looking at and otherwise investigating possible criminal activity of William DeFalco, Philip M. Wilson, Ralph deLuise a.k.a Ralph McNamara ("Ralph deLuise") and others in connection with an alleged fraudulent scheme to defraud investors into paying upfront fees for purported venture capital loans and bank stand-by letters of credit that did not exist.

    4.     On or about March 6, 2003, an Information was filed against Ralph deLuise a.k.a. Ralph McNamara, Philip Wilson, William DeFalco, and others, in Palm Beach County, Florida under case number 03-2459CF02. An Information was filed on March 18, 2004, in Broward County under case number 04-4668CF10. At that time the original Information was dismissed in Palm Beach. A true and correct copy of the First Amended Information is attached hereto as Exhibit 1.

    5.     It was not until April of 2005, when I deposed Mr. John A. Ryan that the State of Florida and the FDLE became aware that the fraudulent conduct by Ralph deLuise a.k.a. Ralph McNamara, William DeFalco, and Philip Wilson did not cease in 2000 when FDLE began its original investigation. Indeed, based on Mr. Ryan's testimony we became aware the fraudulent activities probably continued. As a result, our investigation into further criminal activity ensued.

    6.     In October 2006, William DeFalco pled guilty and agreed to cooperate with the government's investigations and prosecutions. Mr. DeFalco's cooperation enabled the State of Florida to develop evidence about the inner workings of the conspiracy and also provided sufficient probable cause to obtain a search warrant and seize records and computers from Jean Claude Noel's home. Forensic analysis of these computers ultimately identified

1

2  several key documents, including a letters of guarantee and stand-by letters of credit which were

3  involved in the fraud of the many individuals including Mr. Ryan.

4         7.     Ralph deLuise a.k.a. Ralph McNamara went to trial in October 2007 and

5  was subsequently convicted and sentenced in November 2007.

6         8.     This investigatory activity lead to a four-count criminal Information being

7  filed against Jean Claude Noel on May 16, 2007, under case number 07-7128 CF 10A in Broward

8  County Circuit Court. A true and correct copy of the final Corrected Third Amended Information

9  under which Jean Claude Noel was tried is attached hereto as Exhibit 2. That Third Amended

10  Information alleged racketeering, conspiracy to commit racketeering, and one count of grand

11  theft. Predicate Incidents specific to Mr. Ryan are identified in the Racketeering and Conspiracy

12  to Commit Racketeering charges included Communications Fraud, Grand Theft, Wire Fraud and

13  Mail Fraud. He is also a named victim in the substantive count of Grand Theft.

14         9.     Mr. John Ryan's conduct was examined in detail in connection with the

15  above-described investigations and this office concluded that Mr. Ryan was a victim of the

16  fraudulent activity perpetrated by Philip Wilson, William DeFalco, Jean Claude Noel, and Ralph

17  deLuise a.k.a. Ralph McNamara. Specifically, that Mr. Ryan was a victim of a so-called

18  "advance-fee fraud scheme." An advance-fee fraud is a confidence scam in which the target is

19  persuaded to advance sums of money on the assurances by the con men that they are able to fund

20  multi-millions of venture capital funding to the victims. The victims are promised the advance

21  fees are to pay the lending banks at closing, and will be held in escrow until the funding is

22  secured.

23        10.    This office sought Mr. Ryan's assistance in prosecuting these two cases.

24  He rendered significant assistance in both trials of Ralph deLuise a.k.a. Ralph McNamara and

25  Jean Claude Noel.

26        11.    Mr. Ryan was not charged or considered a knowing participant with any of

27  the aforementioned criminal activity. He was a victim. Testimony provided by Mr. DeFalco at

28  Mr. Noel's trial was that he and his other co-defendants had conspired to dupe Mr. Ryan and

M B V   L A W   L L P
855 Front Street
San Francisco   CA 94111

others into paying the up-front advance fees. To facilitate their frauds, they used fraudulent letters of credit and documentary letters purported to confirm funding that were prepared by Noel and deLuise a.k.a McNamara.

12.     The investigation and prosecution on Noel resulted in a jury verdict which was obtained on February 8, 2010. He was found guilty of Conspiracy to Commit Racketeering, and Grand Theft in excess of $100,000. A true and correct copy of the jury's verdict form on Count 2 (Conspiracy to Commit Racketeering) and Count 3 (Grand Theft) of the Third Amended Information is attached hereto as Exhibit 3.

13.     Indeed, the jury verdict rendered in this action found Jean Claude Noel guilty of Conspiracy to Commit Racketeering based, among other things, on two incidents of wire fraud resulting in the defrauding of Mr. Ryan. *See* Exhibit 3, page 2.

14.     In addition to the review of all the seized evidence, financial analysts for the state had to review numerous bank accounts that the above-referenced defendants used in the receipt of victim funds and their subsequent attempts to launder the proceeds. Tracing the monies paid by the victims involved obtaining and analyzing not less than fifteen bank accounts controlled by the defendants. The time period of the bank account analyses covered years 1999 through April 2003. This analysis was complex, difficult, and time consuming. Virtually all of the compelling documentary evidence against the defendants was obtained through the execution of search warrants issued by court order based on probable cause affidavits sworn to by law enforcement agents.

15.     Because of its wide range and complexity, the investigation, prosecution and subsequent jury trials, took a considerable amount of time to pursue with significant hours and activity by a number of people. Investigation of the various frauds committed by the above-referenced individuals began in summer of 2000, and did not truly conclude until Jean Claude Noel was convicted, 10 years later in February of 2010.

16.     I do not believe that the above-described investigation could reasonably have been pursued by this office or by any individual in a shorter time frame without an

MBV LAW LLP
855 Front Street
SAN FRANCISCO CA 94111

1

2   unreasonable and exclusive dedication of significant resources to the activity. Certainly, the

3   ability to seize evidence was a 'resource' limited to law enforcement.

4          I declare under penalty of perjury under the laws of the United States of America

5   that the forgoing is true. This declaration was executed on May 24th, 2010 at Ft. Lauderdale, in the

6   State of Florida.

7

8   Margery J. Lexa

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,

        Plaintiff,

vs.

WILLIAM DeFALCO     (A)
RALPH McNAMARA     (B)
   a/k/a Ralph deLuise
MAURICE RICO     (C)
RICHARD KEATS     (D)
   a/k/a Maurice Richards, and
WARREN H. BERKLE, JR.   (E)

        Defendants.

_____

CASE NO.: 04-4668CF10

JUDGE: O'Connor

OSWP NO.: 2000-0262-FLL

***Information*** filed in continuation of the
prosecution that commenced on March 6, 2003
in the 15th Judicial Circuit in and for Palm
Beach County by Information filed on that
date under case number 03-2459 CF02

## INFORMATION FOR:

**COUNT 1: Racketeering**
F.S. 895.03 and 777.011, 1° Felony
**(A,B,C,D)**

**COUNT 2: Conspiracy to Commit Racketeering**
F.S. 895.03(4), 1° Felony
**(A,B,C,D)**

**COUNT 3: Communications Fraud**
F.S. 817.034 (4)(b)(1) and 777.011, 3° Felony
**(A,B,C,D)**

**COUNT 4: Communications Fraud**
F.S. 817.034 (4)(b)(1) & 777.011, 3° Felony
**(A,B,C)**

**COUNT 5: Communications Fraud**
F.S. 817.034 (4)(b)(1) & 777.011, 3° Felony
**(A)**

**COUNT 6: Communications Fraud**
F.S. 817.034 (4)(b)(1) & 777.011, 3° Felony
**(A)**

Case: 09-03134   Doc# 37   Filed: 07/09/10   Entered: 07/09/10 16:51:53   Page 7 of 73

**COUNT 7: Communications Fraud**
F.S. 817.034 (4)(b)(1) & 777.011, 3° Felony
(A,E)

**COUNT 8: Loan Broker Violation**
F.S. 687.141, 687.146 and 777.011, 3° Felony
(A,B,C,D)

**COUNT 9: Loan Broker Violation**
F.S. 687.141, 687.146 and 777.011, 3° Felony
(A,B,C)

**COUNT 10: Loan Broker Violation**
F.S. 687.141, 687.146 and 777.011, 3° Felony
(A)

**COUNT 11: Loan Broker Violation**
F.S. 687.141, 687.146 and 777.011, 3° Felony
(A)

**COUNT 12: Loan Broker Violation**
F.S. 687.141, 687.146 and 777.011, 3° Felony
(A,E)

**COUNT 13: Grand Theft**
F.S. 812.014(1)(2)(a) and 777.011, 1° Felony
(A,B,C,D)

**COUNT 14: Grand Theft**
F.S. 812.014 (1)(2)(b) and 777.011, 2° Felony
(A,B,C)

**COUNT 15: Grand Theft**
F.S. 812.014(1)(2)(a) and 777.011, 1° Felony
(A,B,C,D)

**COUNT 16: Grand Theft**
F.S. 812.014 (1)(2)(b) and 777.011, 2° Felony
(A)

**COUNT 17: Grand Theft**
F.S. 812.014(1)(2)(a) and 777.011, 1° Felony
(A)

**COUNT 18: Grand Theft**
F.S. 812.014(1)(2)(a) and 777.011, 1° Felony
**(A,E)**

**COUNT 19: Money Laundering**
F.S. 896.101(3)(a), 896.101(5)(b) and 777.011, 2° Felony
**(A,B,C,D)**

**COUNT 20: Money Laundering**
F.S. 896.101(3)(a), 896.101(5)(b) and 777.011, 2° Felony
**(A,B,C,D)**

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA

### COUNT 1

**PETER H. WILLIAMS,** Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that beginning on or about October 4, 1999 and continuing through on or about February 14, 2003, in the Sixth, Ninth, Eleventh, Fifteenth, Seventeenth and Eighteenth Judicial Circuits, to wit: Pinellas, Orange, Miami-Dade, Palm Beach, Broward and Seminole Counties, Florida, the Defendants, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards** and/or PHILIP M. WILSON **(hereinafter when referred to collectively as "the Subjects,"** and others known and unknown to the prosecution, did unlawfully and knowingly while employed by or associated with an enterprise as defined by Section 895.02(3), Florida Statutes, to wit: Morningstar Financial Group Services, Inc., and/or Morningstar Financial Group Trust, and/or Morning Star Financial Services Group, Inc., and/or Wall Street Connections, Inc., and/or United Examiners & Appraisers Group, and/or Group Management Financial Services, Inc., Florida corporations, and/or Nationwide Consulting Services, a Maryland corporation, and/or Tarsan Co., a New York corporation, did engage in racketeering activities within the meaning of Florida Statute 895.02(1), by committing crimes chargeable by indictment or information under Chapters: 812, relating to theft and related crimes; 817, relating to fraudulent practices, false pretenses, and fraud generally; and 896, offenses related to unlawful financial transactions. The aforementioned Subjects did unlawfully, willfully and knowingly conduct or participate in such enterprise directly or indirectly through a continuous pattern of racketeering activity as defined in Section 895.02(4), Florida Statutes, by engaging in at least two incidents of racketeering activity which had similar intents, results, accomplices, victims or methods of

Case: 09-03134    Doc# 37    Filed: 07/09/10    Entered: 07/09/10 16:51:53    Page 9 of 73

characteristics and were not isolated incidents, including at least two of the following predicate incidents all in violation of Florida Statute 893.02(3):

## PREDICATE INCIDENT A
### Communications Fraud

On or about February 1, 2000 and continuing through and including July 1, 2000, in the Sixth, Ninth, Fifteenth and Seventeenth Judicial Circuits in Pinellas, Orange, Palm Beach and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards, and/or PHILIP M. WILSON**, and others known and unknown to the prosecution, did engage in a scheme to defraud PETER HARROLD and/or SAM KUTE and/or PAUL SORVINO and/or LEARICAL FILMS, LLC., and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes,

## PREDICATE INCIDENT B
### Communications Fraud

On or about October 4, 1999 and continuing through and including July 14, 2000, in the Ninth and Seventeenth Judicial Circuits in Orange and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, did engage in a scheme to defraud ZEROS, INC. and/or SUSAN SMITH and/or STEVE CLARK, and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victim United States currency with a value of three hundred dollars ($300.00) or more, the property of said person listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes,

## PREDICATE INCIDENT C
### Communications Fraud

On or about November 1999 and continuing through and including June 17, 2000, in the Sixth, Ninth, Seventeenth, and Eighteenth Judicial Circuits in Pinellas, Orange, Broward and Seminole Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards, and/or PHILIP M. WILSON**, and others known and unknown to the prosecution, did engage in a scheme to defraud FRANK VIVERITO and/or GALAXY GOLF HOLDING, and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States currency with a value of three hundred

Case: 09-03134   Doc# 37   Filed: 07/09/10   Entered: 07/09/10 16:51:53   Page 10 of 73

dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes,

## PREDICATE INCIDENT D
### Communications Fraud

On or about August 2000 and continuing through and including January 2003, in the Ninth, Eleventh, and Seventeenth Judicial Circuits in Orange, Miami-Dade and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, did engage in a scheme to defraud KEVIN R. FARRAR and/or CENTRAL POINT, INC., and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes.

## PREDICATE INCIDENT E
### Communications Fraud

On or about October 19, 2001 and continuing through and including January 2003, in the Ninth, Eleventh, and Seventeenth Judicial Circuits in Orange, Miami-Dade and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, did engage in a scheme to defraud GARY L. WEBB and/or G & P ENTERPRISES, and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes.

## PREDICATE INCIDENT F
### Communications Fraud

On or about February 1, 2000 and continuing through and including February 14, 2003, in the Ninth, Fifteenth, Seventeenth, and Eighteenth Judicial Circuits in Orange, Palm Beach, Broward, and Seminole Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO and/or WARREN H. BERKLE, JR.,** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, did engage in a scheme to defraud GEORGE McGOWAN and/or MICHAEL ANDREWS and/or GLEN GODELL and/or BIO FUELS GROUP, and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes.

## PREDICATE INCIDENT G
### Grand Theft

On or about March 6, 2000 and continuing through and including on or about March 8, 2000, in the Sixth, Ninth, Fifteenth and Seventeenth Judicial Circuits in Pinellas, Orange, Palm Beach and Broward Counties, Florida, **WILLIAM DeFALCO and RALPH McNAMARA a/k/a Ralph deLuise and MAURICE RICO, RICHARD KEATS a/k/a Maurice Richards,** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000, or more, the property of another, to wit: PETER HARROLD and/or SAM KUTE and/or PAUL SORVINO and/or LEARICAL FILMS, LLC., with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(2)(a) and 777.011, Florida Statutes,

## PREDICATE INCIDENT H
### Grand Theft

On or about October 4, 1999 and continuing through and including on or about November 4, 1999, in the Ninth and Seventeenth Judicial Circuits in Orange and Broward Counties, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $20,000 or more, but less than $100,000, the property of another, to wit: ZEROS INC. and/or SUSAN SMITH and/or STEVE CLARK, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014 (2)(b)1, 812.012(10)(c) and 777.011, Florida Statutes,

## PREDICATE INCIDENT I
### Grand Theft

On or about January 1, 2000 and continuing through and including on or about February 16, 2000, in the Sixth, Ninth, Seventeenth, and Eighteenth Judicial Circuits in Pinellas, Orange, Broward and Seminole Counties, Florida, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards,** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000, or more, the property of another, to wit: FRANK VIVERITO and/or GALAXY GOLF HOLDING, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(2)(a), 812.012(10)(c), and 777.011, Florida Statutes,

Case: 09-03134    Doc# 37    Filed: 07/09/10    Entered: 07/09/10 16:51:53    Page 12 of 73

## PREDICATE INCIDENT J
### Grand Theft

On or about December 27, 2000 and continuing through and including on or about May 25, 2001, in the Ninth, Eleventh, and Seventeenth Judicial Circuits in Orange, Miami-Dade and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO** and/or **PHILIP M. WILSON**, and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $20,000 or more, but less $100,000, the property of another, to wit: KEVIN R. FARRAR and/or CENTRAL POINT, INC. with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(2)(b), 812.012(10)(c), and 777.011, Florida Statutes.

## PREDICATE INCIDENT K
### Grand Theft

On or about November 1, 2001 and continuing through and including on or about November 23, 2001, in the Ninth, Eleventh, and Seventeenth Judicial Circuits in Orange, Miami-Dade and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO** and/or **PHILIP M. WILSON**, and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000 or more, the property of another, to wit: GARY L. WEBB and/or G & P ENTERPRISES, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(2)(a), 812.012(10)(c), and 777.011, Florida Statutes.

## PREDICATE INCIDENT L
### Grand Theft

On or about April 2, 2002 and continuing through and including on or about December 24, 2002, in the Ninth, Fifteenth, Seventeenth, and Eighteenth Judicial Circuits in Orange, Palm Beach, Broward, and Seminole Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO and/or WARREN H. BERKLE, JR.**, and/or **PHILIP M. WILSON**, and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000 or more, the property of another, to wit: GEORGE McGOWAN and/or MICHAEL ANDREWS and/or GLEN GODELL and/or BIO FUELS GROUP, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(2)(a), 812.012(10)(c), and 777.011, Florida Statutes.

## PREDICATE INCIDENT M
### Money Laundering

On or about March 7, 2000 and continuing through March 16, 2000, in the Sixth, Ninth, Fifteenth and Eighteenth Judicial Circuits of Florida, to wit: Pinellas, Orange, Palm Beach, and Seminole Counties, Florida, in an offense occurring in two or more judicial circuits as part of a related transaction or in connection with an organized criminal conspiracy affecting two or more judicial circuits, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards** and/or **PHILIP M. WILSON**, and others known and unknown to the prosecution, did conduct or attempt to conduct a financial transaction as defined in Florida Statute 896.101 (1)(d), knowing that the property involved represented the proceeds of some form of unlawful activity with the intent to promote the carrying on of a specified unlawful activity, to-wit: Communication Fraud and Theft, as defined in Florida Statute 895.01, in violation of 896.101 (2)(a) and 777.011, Florida Statutes,

## PREDICATE INCIDENT N
### Money Laundering

On or about October 4, 1999 and continuing through December 23, 1999, in the Ninth and Eighteenth Judicial Circuits of Florida, to wit: Orange and Seminole Counties, Florida, in an offense occurring in two or more judicial circuits as part of a related transaction or in connection with an organized criminal conspiracy affecting two or more judicial circuits, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise** and/or **PHILIP M. WILSON**, and others known and unknown to the prosecution, did conduct or attempt to conduct a financial transaction as defined in Florida Statute 896.101 (1)(d), knowing that the property involved represented the proceeds of some form of unlawful activity with the intent to promote the carrying on of a specified unlawful activity, to-wit: Communication Fraud and Theft, as defined in Florida Statute 895.01, in violation of 896.101 (2)(a) and 777.011, Florida Statutes,

## PREDICATE INCIDENT O
### Money Laundering

On or about March 8, 2000, in the Sixth, Ninth, Fifteenth and Seventeenth Judicial Circuits in Pinellas, Orange, Palm Beach and Broward Counties, Florida, in an offense occurring in two or more judicial circuits as part of a related transaction or in connection with an organized criminal conspiracy affecting two or more judicial circuits, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards** and/or **PHILIP M. WILSON**, and others known and unknown to the prosecution, did conduct or attempt to conduct a financial transaction as defined in Florida Statute 896.101 (1)(d), knowing that the property involved represented the proceeds of some form of unlawful activity with the intent to promote the carrying on of a specified unlawful activity, to-wit: Communication Fraud and Theft, as defined in Florida Statute 895.01, in violation of 896.101 (2)(a) and 777.011, Florida Statutes,

## COUNT 2
### Conspiracy to Commit Racketeering

**PETER H. WILLIAMS**, Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that beginning on or about October 4, 1999

and continuing through and including on or about January 15, 2003, in the Sixth, Ninth, Eleventh, Fifteenth, Seventeenth and Eighteenth Judicial Circuits, to wit: Pinellas, Orange, Miami-Dade, Palm Beach, Broward and Seminole Counties, Florida, the Subjects, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, as part of a related criminal conspiracy occurring in two or more judicial circuits, or in connection with an organized criminal conspiracy affecting two or more judicial circuits, as part of a related transaction, did knowingly and willfully, agree, combine, conspire or confederate, one with the other while employed by or associated with an enterprise as defined in Section 895.02(3), Florida Statutes, to wit: Morningstar Financial Group Services, Inc., and/or Morningstar Financial Group Trust, and/or Morning Star Financial Services Group, Inc., and/or Wall Street Connections, Inc., and/or United Examiners & Appraisers Group, and/or Group Management Financial Services, Inc., Florida corporations, and/or Nationwide Consulting Services, a Maryland corporation, and/or Tarsan Co., a New York corporation, to violate the laws of the State of Florida, to wit: the laws prohibiting any persons employed by or associated with an enterprise as defined by Section 895.02(3), Florida Statutes, from conducting or participating either directly or indirectly in the affairs of said enterprise through a pattern of racketeering activities, and said conspiracy being in violation of section 895.03(4), Florida Statutes. As part of said conspiracy, the aforementioned Subjects, and others known and unknown to the prosecution, did either engage in at least two incidents of racketeering activity as set forth in Count 1 of the Amended Information, e.g., Theft in violation of Section 812.014; Communications Fraud in violation of Section 817.034(4); Money Laundering in violation of Sections 896.101(1)(a) and 896.101(2)(a); or, otherwise participated in the affairs of such group or enterprise to-wit:

On or about February 1, 2000 and continuing through and including July 1, 2000, in the Sixth, Ninth, Fifteenth and Seventeenth Judicial Circuits in Pinellas, Orange, Palm Beach and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, did engage in a scheme to defraud PETER HARROLD and/or SAM KUTE and/or PAUL SORVINO and/or LEARICAL FILMS, LLC., and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes,

Case: 09-03134    Doc# 37    Filed: 07/09/10    Entered: 07/09/10 16:51:53    Page 15 of 73

On or about October 4, 1999 and continuing through and including July 14, 2000, in the Ninth and Seventeenth Judicial Circuits in Orange and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO** and/or **PHILIP M. WILSON**, and others known and unknown to the prosecution, did engage in a scheme to defraud ZEROS, INC. and/or SUSAN SMITH and/or STEVE CLARK, and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victim United States currency with a value of three hundred dollars ($300.00) or more, the property of said person listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes,

On or about November 1999 and continuing through and including June 17, 2000, in the Sixth, Ninth, Seventeenth, and Eighteenth Judicial Circuits in Pinellas, Orange, Broward and Seminole Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards**, and/or **PHILIP M. WILSON**, and others known and unknown to the prosecution, did engage in a scheme to defraud FRANK VIVERITO and/or GALAXY GOLF HOLDING, and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes,

On or about August 2000 and continuing through and including January 2003, in the Ninth, Eleventh, and Seventeenth Judicial Circuits in Orange, Miami-Dade and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO and/or PHILIP M. WILSON**, and others known and unknown to the prosecution, did engage in a scheme to defraud KEVIN R. FARRAR and/or CENTRAL POINT, INC., and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes,

On or about October 19, 2001 and continuing through and including January 2003, in the Ninth, Eleventh, and Seventeenth Judicial Circuits in Orange, Miami-Dade and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO and/or PHILIP M. WILSON**, and others known and unknown to the prosecution, did engage in a scheme to defraud GARY L. WEBB and/or G & P ENTERPRISES, and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at

Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes,

On or about February 1, 2000 and continuing through and including February 14, 2003, in the Ninth, Fifteenth, Seventeenth, and Eighteenth Judicial Circuits in Orange, Palm Beach, Broward, and Seminole Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO and/or WARREN H. BERKLE, JR.,** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, did engage in a scheme to defraud GEORGE McGOWAN and/or MICHAEL ANDREWS and/or GLEN GODELL and/or BIO FUELS GROUP, and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes,

On or about March 6, 2000 and continuing through and including on or about March 8, 2000, the Sixth, Ninth Fifteenth and Seventeenth Judicial Circuits in Pinellas, Orange, Palm Beach and Broward Counties, Florida, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000, or more, the property of another, to wit: PETER HARROLD and/or SAM KUTE and/or PAUL SORVINO and/or LEARICAL FILMS, LLC., with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(2)(a) and 777.011, Florida Statutes,

On or about October 4, 1999 and continuing through and including on or about November 4, 1999, in the Ninth and Seventeenth Judicial Circuits in Orange and Broward Counties, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $20,000 or more, but less than $100,000, the property of another, to wit: ZEROS INC. and/or SUSAN SMITH and/or STEVE CLARK, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014 (2)(b)1, 812.012(10)(c) and 777.011, Florida Statutes,

On or about January 1, 2000 and continuing through and including on or about February 16, 2000, in the Sixth, Ninth, Seventeenth, and Eighteenth Judicial Circuits in Pinellas, Orange, Broward and Seminole

Counties, Florida, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards,** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000, or more, the property of another, to wit: FRANK VIVERITO and/or GALAXY GOLF HOLDING, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(2)(a), 812.012(10)(c), and 777.011, Florida Statutes,

On or about December 27, 2000 and continuing through and including on or about May 25, 2001, in the Ninth, Eleventh, and Seventeenth Judicial Circuits in Orange, Miami-Dade and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO and/or PHILIP M. WILSON,** and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $20,000 or more, but less $100,000, the property of another, to wit: KEVIN R. FARRAR and/or CENTRAL POINT, INC, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(2)(b), 812.012(10)(c), and 777.011, Florida Statutes,

On or about November 1, 2001 and continuing through and including on or about November 23, 2001, in the Ninth, Eleventh, and Seventeenth Judicial Circuits in Orange, Miami-Dade and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO and/or PHILIP M. WILSON,** and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000 or more, the property of another, to wit: GARY L. WEBB and/or G & P ENTERPRISES, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(2)(a), 812.012(10)(c), and 777.011, Florida Statutes,

On or about April 2, 2002 and continuing through and including on or about December 24, 2002, in the Ninth, Fifteenth, Seventeenth, and Eighteenth Judicial Circuits in Orange, Palm Beach, Broward, and Seminole Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO and/or WARREN H. BERKLE, JR.,** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000 or more, the property of another, to wit: GEORGE McGOWAN and/or MICHAEL ANDREWS and/or GLEN GODELL and/or BIO FUELS GROUP, with the intent to temporarily or permanently deprive said persons of a right to the

Case: 09-03134   Doc# 37   Filed: 07/09/10   Entered: 07/09/10 16:51:53   Page 18 of 73

property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(2)(a), 812.012(10)(c), and 777.011, Florida Statutes,

On or about March 7, 2000 and continuing through March 16, 2000, in the Sixth, Ninth, Fifteenth and Eighteenth Judicial Circuits of Florida, to wit: Pinellas, Orange, Palm Beach, and Seminole Counties, Florida, in an offense occurring in two or more judicial circuits as part of a related transaction or in connection with an organized criminal conspiracy affecting two or more judicial circuits, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, did conduct or attempt to conduct a financial transaction as defined in Florida Statute 896.101 (1)(d), knowing that the property involved represented the proceeds of some form of unlawful activity with the intent to promote the carrying on of a specified unlawful activity, to-wit: Communication Fraud and Theft, as defined in Florida Statute 895.01, in violation of 896.101 (2)(a) and 777.011, Florida Statutes,

On or about November 6, 1999 and continuing through December 23, 1999, in the Ninth and Eighteenth Judicial Circuits of Florida, to wit: Orange and Seminole Counties, Florida, in an offense occurring in two or more judicial circuits as part of a related transaction or in connection with an organized criminal conspiracy affecting two or more judicial circuits, **WILLIAM DeFALCO and RALPH McNAMARA a/k/a Ralph deLuise** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, did conduct or attempt to conduct a financial transaction as defined in Florida Statute 896.101 (1)(d), knowing that the property involved represented the proceeds of some form of unlawful activity with the intent to promote the carrying on of a specified unlawful activity, to-wit: Communication Fraud and Theft, as defined in Florida Statute 895.01, in violation of 896.101 (2)(a) and 777.011, Florida Statutes,

On or about March 8, 2000, in the Sixth, Ninth, Fifteenth and Seventeenth Judicial Circuits in Pinellas, Orange, Palm Beach and Broward Counties, Florida, in an offense occurring in two or more judicial circuits as part of a related transaction or in connection with an organized criminal conspiracy affecting two or more judicial circuits, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, did conduct or attempt to conduct a financial transaction as defined in Florida Statute 896.101 (1)(d), knowing that the property involved represented the proceeds of some form of unlawful activity with the intent to promote the carrying on of a specified unlawful activity, to-wit: Communication Fraud and Theft, as defined in Florida Statute 895.01, in violation of 896.101 (2)(a) and 777.011, Florida Statutes,

and/or: with the knowledge and intent that other members of the conspiracy would engage in at least two incidents of racketeering activity as defined in Florida Statute 895.02(4), which had similar intents, results, accomplices, or methods of commission, or were otherwise interrelated by distinguishing characteristics and were not isolated incidents and includes crimes chargeable under Chapters 812, 817, and 896 Florida Statutes, namely Grand Theft, Communications Fraud, and Money Laundering.

## COUNT 3
### Communications Fraud

PETER H. WILLIAMS, Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that beginning on or about February 1, 2000 and continuing through and including July 1, 2000, in the Sixth, Ninth, Fifteenth and Seventeenth Judicial Circuits, to wit: Pinellas, Orange, Palm Beach and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards and/or PHILIP M. WILSON, and others known and unknown to the prosecution, did engage in a scheme to defraud PETER HARROLD and/or SAM KUTE and/or PAUL SORVINO and/or LEARICAL FILMS, LLC., and in furtherance of that scheme, did communicate with the victims as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes, a third degree felony.

## COUNT 4
### Communications Fraud

PETER H. WILLIAMS, Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that beginning on or about October 4, 1999 and continuing through and including July 14, 2000, in the Ninth and Seventeenth Judicial Circuits, to wit: Orange and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or PHILIP M. WILSON, and others known and unknown to the prosecution, did engage in a scheme to defraud ZEROS, INC. and/or SUSAN SMITH and/or STEVE CLARK, and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States currency with a value of three hundred dollars ($300.00)

Page 14 of 29

or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes, a third degree felony.

## COUNT 5
### Communications Fraud

**PETER H. WILLIAMS**, Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that beginning on or about August 2000 and continuing through and including January 2003, in the Ninth, Eleventh, and Seventeenth Judicial Circuits in Orange, Miami-Dade and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO** and/or **PHILIP M. WILSON**, and others known and unknown to the prosecution, did engage in a scheme to defraud KEVIN R. FARRAR and/or CENTRAL POINT, INC., and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes, a third degree felony.

## COUNT6
### Communications Fraud

**PETER H. WILLIAMS**, Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that beginning on or about October 19, 2001 and continuing through and including January 2003, in the Ninth, Eleventh, and Seventeenth Judicial Circuits in Orange, Miami-Dade and Broward Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO** and/or **PHILIP M. WILSON**, and others known and unknown to the prosecution, did engage in a scheme to defraud GARY L. WEBB and/or G & P ENTERPRISES, and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States currency with a value

of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes, a third degree felony.

## COUNT 7
### Communications Fraud

PETER H. WILLIAMS, Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that beginning on or about February 1, 2000 and continuing through and including February 14, 2003, in the Ninth, Fifteenth, Seventeenth, and Eighteenth Judicial Circuits in Orange, Palm Beach, Broward, and Seminole Counties, Florida, as an offense connected to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, **WILLIAM DeFALCO and/or WARREN H. BERKLE, JR.**, and/or **PHILIP M. WILSON**, and others known and unknown to the prosecution, did engage in a scheme to defraud **GEORGE McGOWAN** and/or **MICHAEL ANDREWS** and/or **GLEN GODELL** and/or **BIO FUELS GROUP**, and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1, and 777.011, Florida Statutes, a third degree felony.

## COUNT 8
### Loan Broker Violation

PETER H. WILLIAMS, Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that on or about March 6, 2000 and continuing through on or about June 2000, in the Sixth, Ninth, Fifteenth and Seventeenth Judicial Circuits in Pinellas, Orange, Palm Beach and Broward Counties, Florida, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards** and/or **PHILIP M. WILSON**, and others known and unknown to the prosecution, did commit violations acting as loan brokers within the meaning of the Statute against victims, PETER HARROLD and/or SAM KUTE and/or PAUL SORVINO and/or LEARICAL FILMS, LLC., by:

Page 16 of 29

Case: 09-03134   Doc# 37   Filed: 07/09/10   Entered: 07/09/10 16:51:53   Page 22 of 73

1. assessing or collecting an advance fee from PETER HARROLD and/or SAM KUTE and/or PAUL SORVINO and/or LEARICAL FILMS, LLC., the borrowers, to provide services as a loan broker; or

2. making or using any false or misleading representations of material fact in the offer or sale of the services of a loan broker or making or using any act that operated or would operate as a fraud or deception upon any person, including but not limited to, that Subjects were able to obtain loans for the victims' project and by creating false documents to support Subjects' claims; or

3. omitting material facts in the offer or sale of services of a loan broker, e.g., that : William Thomas DeFalco was previously adjudicated guilty of communication fraud in the 17th Judicial Circuit in and for Broward County, State of Florida v. William DeFalco, Case No. 90-4663CF10K; William Thomas DeFalco was previously tried and found guilty in State of Florida v. Williams DeFalco, of four (4) counts of theft of sales taxes, four (4) counts of uttering a forged instrument, and four (4) counts of fraud in motor vehicle documents in the Tenth Judicial Circuit, in and for Polk County, Florida; Philip Wilson was adjudicated guilty of racketeering and fraud in the 17th Judicial Circuit in and for Broward County, State of Florida v. Philip Morel Wilson, Case No. 90-4663 CF10B; Philip Wilson was adjudicated guilty of one (1) count of wire fraud and one (1) count of commercial bribery in Federal Court, United States v. Philip M. Wilson, in the Southern District of New York 1 96D-NY-274024; that Richard Keats a/k/a Maurice Richard was previously convicted of or pled guilty to: one (1) count conspiracy to commit grand theft and forgery in State of California v. Richard Keats, Case B-77134; one (1) count of conspiracy to commit grand theft and forgery, in United States v. Richard Keats, Case No. 01387-134; one (1) count of transportation of counterfeit securities; one(1) count of conspiracy to import for commerce counterfeited securities, one (1) count of conspiracy to commit wire fraud, United States v. Richard Keats, Case No. 35146066; one (1) count of organized scheme to defraud, second degree in State of New York v. Richard Keats, Ind. No. 1410-79(N); one (1) count of organized scheme to defraud, first degree and one (1) count grand larceny, second degree in State of New York v. Richard Keats, Ind. No. 10044-89; one (1) count grand larceny third degree, one (1) count of possession of forged instrument, and one (1) count of organized scheme to defraud, first degree in State of New York v. Richard Keats, Ind. Nos. 14159-89(N) and 14158-89(O),

4. prior applicants for loans had lost their entire advance fee and no loan or financing had been obtained for applicants,

a crime which involved or resulted in, fraud or deceit upon PETER HARROLD and/or SAM KUTE and/or PAUL SORVINO and/or LEARICAL FILMS, LLC pursuant to F.S. 16.56(1)(a)6. all in violation of F.S. 687.141, 687.146. and 777.011. a third degree felony.


## COUNT 9
Loan Broker Violation

PETER H. WILLIAMS. Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath. charges that on or about October 4, 1999 and

Case: 09-03134    Doc# 37    Filed: 07/09/10    Entered: 07/09/10 16:51:53    Page 23 of 73

continuing through on or about April 24, 2000, in the Ninth and Seventeenth Judicial Circuits, to wit: Orange and Broward Counties, Florida, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or PHILIP M. WILSON**, and others known and unknown to the prosecution, did commit violations acting as loan brokers within the meaning of the Statute against victims, ZEROS, INC. and/or SUSAN SMITH and/or STEVE CLARK:

1. assessing or collecting an advance fee from ZEROS, INC. and/or SUSAN SMITH and/or STEVE CLARK, borrowers, to provide services as a loan broker; or

2. making or using any false or misleading representations of material fact in the offer or sale of the services of a loan broker or making or using any act that operated or would operate as a fraud or deception upon any person, including but not limited to, that Subjects were able to obtain loans for the victims' project and by creating false documents to support Subjects' claims; or

3. omitting material facts in the offer or sale of services of a loan broker, e.g., that : William Thomas DeFalco was previously adjudicated guilty of communication fraud in the 17th Judicial Circuit in and for Broward County, <u>State of Florida v. William DeFalco</u>, Case No. 90-4663CF10K; William Thomas DeFalco was previously tried and found guilty in <u>State of Florida v. William DeFalco</u>, of four (4) counts of theft of sales taxes, four (4) counts of uttering a forged instrument, and four (4) counts of fraud in motor vehicle documents in the Tenth Judicial Circuit, in and for Polk County, Florida; Philip Wilson was adjudicated guilty of racketeering and fraud in the 17th Judicial Circuit in and for Broward County, <u>State of Florida v. Philip Morel Wilson</u>, Case No. 90-4663 CF10B; Philip Wilson was adjudicated guilty of one (1) count of wire fraud and one (1) count of commercial bribery in Federal Court, <u>United States v. Philip M. Wilson</u>, in the Southern District of New York I 96D-NY-274024; that Ralph McNamara was censured and fined on July 18, 1988, by the NASD, pursuant to Complaint No. NY-4094, on complaints that he induced loans from customers through material mis-statements.

4. prior applicants for loans had lost their entire advance gee and no loan or financing had been obtained for applicants,

a crime which involved or resulted in, fraud or deceit upon ZEROS, INC. and/or SUSAN SMITH and/or STEVE CLARK pursuant to F.S. 16.56(1)(a)6. all in violation of F.S. 687.141, 687.146, and 777.011, a third degree felony.

### COUNT 10
Loan Broker Violation

**PETER H. WILLIAMS**, Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that on or about December 27, 2000 and continuing through on or about March 22, 2002, in the Ninth, Eleventh and Seventeenth Judicial Circuits in Orange, Miami-Dade and Broward Counties, Florida, **WILLIAM DeFALCO**, and/or **PHILIP M.**

Case: 09-03134    Doc# 37    Filed: 07/09/10    Entered: 07/09/10 16:51:53    Page 24 of 73

WILSON, and others known and unknown to the prosecution, did commit violations acting as loan brokers within the meaning of the Statute against victims, KEVIN FARRAR, and/or CENTRAL POINT, INC., by:

1. assessing or collecting an advance fee from KEVIN FARRAR, and/or CENTRAL POINT, INC., the borrower, to provide services as a loan broker; or

2. making or using any false or misleading representations of material fact in the offer or sale of the services of a loan broker or making or using any act that operated or would operate as a fraud or deception upon any person, including but not limited to, that Subjects were able to obtain loans for the victim's project and by creating false documents to support Subjects' claims; or

3. omitting material facts in the offer or sale of services of a loan broker, e.g., that : William Thomas DeFalco was previously adjudicated guilty of communication fraud in the 17th Judicial Circuit in and for Broward County, <u>State of Florida v. William DeFalco</u>, Case No. 90-4663CF10K; William Thomas DeFalco was previously tried and found guilty in <u>State of Florida v. William DeFalco</u>, of four (4) counts of theft of sales taxes, four (4) counts of uttering a forged instrument. and four (4) counts of fraud in motor vehicle documents in the Tenth Judicial Circuit, in and for Polk County, Florida; Philip Wilson was adjudicated guilty of racketeering and fraud in the 17th Judicial Circuit in and for Broward County, <u>State of Florida v. Philip Morel Wilson</u>, Case No. 90-4663 CF10B; Philip Wilson was adjudicated guilty of one (1) count of wire fraud and one (1) count of commercial bribery in Federal Court, <u>United States v. Philip M. Wilson</u>, in the Southern District of New York 1 96D-NY-274024.

4. prior applicants for loans had lost their entire advance fee and no loan or financing had been obtained for applicants.

a crime which involved or resulted in, fraud or deceit upon KEVIN FARRAR and/or CENTRAL POINT, INC., pursuant to F.S. 16.56(1)(a)6. all in violation of F.S. 687.141, 687.146, and 777.011, a third degree felony.

**COUNT 11**
Loan Broker Violation

**PETER H. WILLIAMS**, Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor. under oath, charges that on or about November 1, 2001 and continuing through on or about February 4, 2002, in the Ninth, Eleventh and Seventeenth Judicial Circuits in Orange, Miami-Dade and Broward Counties. Florida, **WILLIAM DeFALCO** and/or **PHILIP M. WILSON**, and others known and unknown to the prosecution, did commit violations acting as loan brokers within the meaning of the Statute against victims, GARY L. WEBB, SR. and/or G & P ENTERPRISES, by:

1. assessing or collecting an advance fee from GARY L. WEBB, SR. and/or G & P ENTERPRISES, the borrower, to provide services as a loan broker; or

Case: 09-03134   Doc# 37   Filed: 07/09/10   Entered: 07/09/10 16:51:53   Page 25 of 73

2. making or using any false or misleading representations of material fact in the offer or sale of the services of a loan broker or making or using any act that operated or would operate as a fraud or deception upon any person, including but not limited to, that Subjects were able to obtain loans for the victim's project and by creating false documents to support Subjects' claims; or

3. omitting material facts in the offer or sale of services of a loan broker, e.g., that : William Thomas DeFalco was previously adjudicated guilty of communication fraud in the 17th Judicial Circuit in and for Broward County, State of Florida v. William DeFalco, Case No. 90-4663CF10K; William Thomas DeFalco was previously tried and found guilty in State of Florida v. William DeFalco, of four (4) counts of theft of sales taxes, four (4) counts of uttering a forged instrument, and four (4) counts of fraud in motor vehicle documents in the Tenth Judicial Circuit, in and for Polk County, Florida; Philip Wilson was adjudicated guilty of racketeering and fraud in the 17th Judicial Circuit in and for Broward County, State of Florida v. Philip Morel Wilson, Case No. 90-4663 CF10B; Philip Wilson was adjudicated guilty of one (1) count of wire fraud and one (1) count of commercial bribery in Federal Court, United States v. Philip M. Wilson, in the Southern District of New York 1 96D-NY-274024.

4. prior applicants for loans had lost their entire advance fee and no loan or financing had been obtained for applicants,

a crime which involved or resulted in, fraud or deceit upon GARY L. WEBB, SR. and/or G & P ENTERPRISES pursuant to F.S. 16.56(1)(a)6. all in violation of F.S. 687.141, 687.146, and 777.011, a third degree felony.

## COUNT 12
### Loan Broker Violation

PETER H. WILLIAMS, Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that on or about April 2, 2002 and continuing through on or about February 14, 2003, in the Ninth, Eleventh, Fifteenth and Seventeenth Judicial Circuits in Orange, Miami-Dade, Palm Beach and Broward Counties, Florida, WILLIAM DeFALCO, and/or WARREN H. BERKLE, JR., and/or PHILIP M. WILSON, and others known and unknown to the prosecution, did commit violations acting as loan brokers within the meaning of the Statute against victims, GEORGE McGOWAN and/or MICHAEL ANDREWS and/or GLEN GODELL and/or BIO FUELS GROUP, by:

1. assessing or collecting an advance fee from GEORGE McGOWAN and/or MICHAEL ANDREWS and/or GLEN GODELL and/or BIO FUELS GROUP, the borrower, to provide services as a loan broker; or

2. making or using any false or misleading representations of material fact in the offer or sale of the services of a loan broker or making or using any act that operated or would operate

Case: 09-03134    Doc# 37    Filed: 07/09/10    Entered: 07/09/10 16:51:53    Page 26 of 73

as a fraud or deception upon any person, including but not limited to, that Subjects were able to obtain loans for the victim's project and by creating false documents to support Subjects' claims; or

3.   omitting material facts in the offer or sale of services of a loan broker, e.g., that : William Thomas DeFalco was previously adjudicated guilty of communication fraud in the 17th Judicial Circuit in and for Broward County, State of Florida v. William DeFalco, Case No. 90-4663CF10K; that William Thomas DeFalco was previously tried and found guilty State of Florida v. William DeFalco, of four (4) counts of theft of sales taxes; four (4) counts of uttering a forged instrument; and four (4) counts of fraud in motor vehicle documents in the Tenth Judicial Circuit; in and for Polk County, Florida; Philip Wilson was adjudicated guilty of racketeering and fraud in the 17th Judicial Circuit in and for Broward County, State of Florida v. Philip Morrel Wilson, Case No. 90-4663 CF10B; Philip Wilson was adjudicated guilty of one (1) count of wire fraud and one (1) count of commercial bribery in Federal Court, United States v. Philip M. Wilson, in the Southern District of New York 1 96D-NY-274024; Warren H. Berkle, Jr. was sentenced in United States v. Warren Henri Berkle for one (1) count of mail fraud, one (1) count of conspiracy, one (1) count of fraud by wire, and one (1) count of money laundering in 96 ANK 67487.

4.   prior applicants for loans had lost their entire advance fee and no loan or financing had been obtained for applicants,

a crime which involved or resulted in, fraud or deceit upon GEORGE McGOWAN and/or MICHAEL ANDREWS and/or GLEN GODELL and/or BIO FUELS GROUP, pursuant to F.S. 16.56(1)(a)6. all in violation of F.S. 687.141, 687.146, and 777.011, a third degree felony.

## COUNT 13
### Grand Theft 1°

PETER H. WILLIAMS, Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that on or about March 6, 2000 and continuing through and including on or about March 8, 2000, in the Sixth, Ninth, Fifteenth and Seventeenth Judicial Circuits, to wit:  Pinellas, Orange, Palm Beach and Broward Counties, Florida, WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards and/or PHILIP M. WILSON, and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000, or more,  the property of another, to wit: PETER HARROLD and/or SAM KUTE and/or PAUL SORVINO and/or LEARICAL FILMS, LLC., with the intent to temporarily or permanently deprive said persons of a right to the property,

Case: 09-03134    Doc# 37    Filed: 07/09/10    Entered: 07/09/10 16:51:53    Page 27 of 73

or a benefit therefrom, or to appropriate the property to the Defendants' own use or to the use of a person not entitled thereto, in violation of Florida Statutes 812.014(2)(c) and 777.011, a first degree felony.

### COUNT 14
Grand Theft 2°

**PETER H. WILLIAMS**, Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that on or about October 4, 1999 and continuing through and including on or about November 4, 1999, in the Ninth and Seventeenth Judicial Circuit, to wit: Orange and Broward Counties, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $20,000 or more, but less than $100,000, the property of another, to wit: ZEROS, INC. and/or SUSAN SMITH and/or STEVE CLARK, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Defendants' own use or to the use of a person not entitled thereto, in violation of Florida Statutes 812.014 (2)(b)1, 812.012(10)(c) and 777.011, a second degree felony.

### COUNT 15
Grand Theft 1°

**PETER H. WILLIAMS**, Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that beginning on or about January 31, 2000 and continuing through and including on or about February 16, 2000, in the Sixth, Ninth, Seventeenth and Eighteenth Judicial Circuits, to wit: Pinellas, Orange, Broward and Seminole Counties, Florida, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards** and/or PHILIP M. WILSON, and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000, or more, the property of another, to wit: FRANK VIVERITO and/or GALAXY GOLF, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the

Case: 09-03134    Doc# 37    Filed: 07/09/10    Entered: 07/09/10 16:51:53    Page 28 of 73

property to the Defendants' own use or to the use of a person not entitled thereto, in violation of Florida Statutes 812.014(2)(a), 812.012(10)(c), and 777.011, a first degree felony.

## COUNT 16
### Grand Theft

**PETER H. WILLIAMS**, the Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that on or about December 27, 2000 and continuing through and including on or about May 25, 2001, in the Ninth, Eleventh and Seventeenth Judicial Circuits in Orange, Miami-Dade and Broward Counties, **WILLIAM DeFALCO** and/or **PHILIP M. WILSON**, and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $20,000 or more, but less than $100,000, the property of another, to wit: KEVIN FARRAR and/or CENTRAL POINT, INC., with the intent to temporarily or permanently deprive said person of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014 (2)(b), 812.012(10)(c), and 777.011, Florida Statutes, a second degree felony.

## COUNT 17
### Grand Theft

**PETER H. WILLIAMS**, the Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that on or about November 1, 2001 and continuing through and including on or about November 23 2001, in the Ninth, Eleventh and Seventeenth Judicial Circuits in Orange, Miami-Dade and Broward Counties, Florida, **WILLIAM DeFALCO** and/or **PHILIP M. WILSON**, and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000, or more, the property of another, to wit: GARY L. WEBB, SR. and/or G & P ENTERPRISES., with the intent to temporarily or permanently deprive said person of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a

Case: 09-03134    Doc# 37    Filed: 07/09/10    Entered: 07/09/10 16:51:53    Page 29 of 73

person not entitled thereto, in violation of Sections 812.014(2)(a), 812.014(10)(c), and 777.011, Florida Statutes, a first degree felony.

## COUNT 18
### Grand Theft

PETER H. WILLIAMS, the Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that on or about April 2, 2002 and continuing through and including on or about December 24, 2002, in the Ninth, Fifteenth, Seventeenth and Eighteenth Judicial Circuits in Orange, Palm Beach, Broward and Seminole Counties, Florida, WILLIAM DeFALCO and/or WARREN H. BERKLE, JR., and/or PHILIP M. WILSON, and others known and unknown to the prosecution, as part of an offense related to an organized-criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000, or more, the property of another, to wit: GEORGE McGOWAN and/or MICHAEL ANDREWS and/or GLEN GODELL and/or BIO FUELS GROUP, with the intent to temporarily or permanently deprive said person of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(2)(a), 812.012(10)(c), and 777.011, Florida Statutes, a first degree felony.

## COUNT 19
### Money Laundering

PETER H. WILLIAMS, the Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that on or about March 7, 2000 and continuing through March 16, 2000, in the Sixth, Ninth, Fifteenth and Eighteenth Judicial Circuits of Florida, to wit: Pinellas, Orange, Palm Beach, and Seminole Counties, Florida, in an offense occurring in two or more judicial circuits as part of a related transaction or in connection with an organized criminal conspiracy affecting two or more judicial circuits, WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards and/or PHILIP M. WILSON, and others known and unknown to the prosecution, did conduct or attempt to conduct a financial transaction as defined in Florida Statute 896.101 (1)(d), knowing that the property involved represented the proceeds of some form of unlawful activity with the intent to promote the carrying on of a

Case: 09-03134   Doc# 37   Filed: 07/09/10   Entered: 07/09/10 16:51:53   Page 30 of 73

specified unlawful activity, to-wit: Communication Fraud and Theft, as defined in Florida Statute 895.01, in violation of 896.101 (2)(a) and 777.011, Florida Statutes, a second degree felony.

## COUNT 20
### Money Laundering

**PETER H. WILLIAMS**, the Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that on or about March 8, 2000, in the Sixth, Ninth, Fifteenth and Seventeenth Judicial Circuits in Pinellas, Orange, Palm Beach and Broward Counties, Florida, in an offense occurring in two or more judicial circuits as part of a related transaction or in connection with an organized criminal conspiracy affecting two or more judicial circuits, **WILLIAM DeFALCO and/or RALPH McNAMARA a/k/a Ralph deLuise and/or MAURICE RICO and/or RICHARD KEATS a/k/a Maurice Richards** and/or PHILIP M. WILSON and others known and unknown to the prosecution, did conduct or attempt to conduct a financial transaction as defined in Florida Statute 896.101 (1)(d), knowing that the property involved represented the proceeds of some form of unlawful activity with the intent to promote the carrying on of a specified unlawful activity, to-wit: Communication Fraud and Theft, as defined in Florida Statute 895.01, in violation of 896.101 (2)(a) and 777.011, Florida Statutes, a second degree felony.

AND ALL OF SAID OFFENSES BEING AGAINST THE PEACE AND DIGNITY OF THE STATE OF FLORIDA, OCCURRED IN TWO OR MORE JUDICIAL CIRCUITS IN THE STATE OF FLORIDA AS PART OF A RELATED TRANSACTION OR SAID OFFENSES WERE CONNECTED WITH AN ORGANIZED CRIMINAL CONSPIRACY AFFECTING TWO OR MORE JUDICIAL CIRCUITS IN THE STATE OF FLORIDA.

Dated this 17ᵗʰ day of March, 2004.

**PETER H. WILLIAMS**
**STATEWIDE PROSECUTOR**

**MARGERY J. LEXA**
Assistant Statewide Prosecutor
Office of Statewide Prosecution
110 S.E. 6th Street - Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 712-4950
Florida Bar No. **041017**

Page 25 of 29

**STATE OF FLORIDA** :
**COUNTY OF BROWARD** :

Personally appeared before me **MARGERY J. LEXA**, designated Assistant Statewide Prosecutor for the State of Florida, personally known to me, who being first duly sworn says that this prosecution is instituted in good faith and certifies that testimony was received under oath from material witnesses for the offenses, and the allegations as set forth in the foregoing Information, if true, would constitute the offenses therein charged.

Sworn to and subscribed before me this ⟨1⟩day of March, 2004.

_____
Notary Public
State of Florida

Rhonda D. Greene
MY COMMISSION # DD016636 EXPIRES
April 9, 2005
BONDED THRU TROY FAIN INSURANCE, INC.

## DEFENDANT DATA:

Name:    **WILLIAM DeFALCO**
Race:    White
Sex:    Male
DOB:    3/11/46

l/k/a:    6357 Brookhill Circle, Orlando, FL 32801
        3031 NE 21st Avenue, # 1, Ft. Lauderdale, FL;
        1931 NW 36th Street, Oakland Park, FL 33309 (Rosemary Sachs)

DL:    Florida, D142-938-460-910
SS:    023 36 5587

No concealed weapon permit, witnesses have described him as carrying a gun.

Name:    **RALPH deLUISE a/k/a Ralph D. McNamara**
Race:    White
Sex:    Male
DOB:    8/8/44
l/k/a:    1460 Gulf Blvd., # 1209, Clearwater, FL 33767
        15 Glendale Street, # A19, Clearwater, FL 34630
        112 Plainfield Road, Floral Park, NY 11001
        421 Neck Road, Lloyd Harbor, NY 11743

DL:    Florida, D420-720-442-881
        New York, M030-284-975-3090-520-744
SS:    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

Concealed Weapon Permit: 9924330, exp. 11/19/2004

Name:    **MAURICE RICO**
Race:    White
Sex:    Male
DOB:    9/8/64
l/k/a:    City of New York, Department of Corrections
        NYSID# 21824207 - Inmate# 300-03-00193
        1 Police Plaza - Room 908-M, New York, NY 10038
        5824 74th Street, # 74, Elmhurst (Queens), NY
        8194 Natures Way, # 23, Bradenton Way, FL
        1 Second Street, Apt. 608, Jersey City, NJ 07302
DL:    Florida, DL
SS:    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

Name: **RICHARD KEATS a/k/a Maurice Richards**
Other Aliases: Benjamin, Marcus
Goodman, Oscar
Keats, Benjamin
Keats, Cheno
Keats, Dick
Keats, Marcus
Keats, Marcus Benjamin
Keats, Richards
Keats, Rich
Keats, Richard Stephen
Keats, Richard Steven
Keats, Samuel Richard
Marcus, Benjamin

Race: White
Sex: Male
DOB: 3/14/37 or 6/2/36
l/k/a: 2190 Fentress Court, Spring Hill, FL 34609
191 Island Dr., Jupiter, FL
100 W. Broadway, Long Beach, NY 11561
323 Whiteman Street, Fort Lee, NJ
1551 Turner Street, Clearwater, FL 33756
DL: K320-740-36-202-0
SS: 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
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
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
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

Case: 09-03134    Doc# 37    Filed: 07/09/10    Entered: 07/09/10 16:51:53    Page 34 of 73

Name:              **WARREN H. BERKLE, JR.**
Other Aliases: Warren Henri Berkle, Jr.
                   Warren Henry Beekle, Jr.
                   Warren Berkle
Race:              White
Sex:               Male
DOB:               3/23/50
l/k/a:             12124 S. Piney Point Road, Bishopville, MD 21813
                   5409 Overseas Hwy., #210, Marathon, FL 33050
                   4436 Murdock Avenue, Sarasota, FL 34231
                   1467 Sykesville Road, Sykesville, MD 21784
                   1646 Woodstock Road, Woodstock, MD 21163
DL:                Maryland - B624866302234
SS:                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
                   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

# EXHIBIT 2

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,

        Plaintiff,

vs.

JEAN CLAUDE NOEL,

        Defendant.

_____/

CASE NO.:    07-9128CF10A

JUDGE:    CARLOS RODRIGUEZ

OSP NO.:    2007-0051-FLL

**A TRUE COPY**

(Corrected)
**THIRD AMENDED
INFORMATION FOR:**

**COUNT 1:  Racketeering**
F.S. 895.03 (1 - 3) and 777.011, 1° Felony

**COUNT 2:  Conspiracy to Commit Racketeering**
F.S. 895.03(4) and 777.011, 1° Felony

**COUNT 3:  Grand Theft**
F.S. 812.014(1)(2)(a)1, 812.012 (10)(c) and
777.011, 1° Felony

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA

### COUNT 1

**WILLIAM N. SHEPHERD**, Statewide Prosecutor for the State of Florida, by and

through the undersigned Assistant Statewide Prosecutor, under oath, charges that beginning on

or about June 29, 2001 and continuing through on or about February 17, 2004, in the Sixth,

Ninth, Eleventh, and Seventeenth Judicial Circuits, to wit:  Pinellas, Orange, Miami-Dade, and

Broward Counties, Florida, the Defendants, **JEAN CLAUDE NOEL** and PHILIP M. WILSON

and WILLIAM DeFALCO and WARREN BERKLE, JR. and RALPH deLUISE, and others

known and unknown to the prosecution, did unlawfully and knowingly while employed by or

1

associated with an enterprise as defined by Section 895.02(3), Florida Statutes, to wit: Morningstar Financial Group Services, Inc., and Morningstar Financial Group Trust, and Morning Star Financial Services Group, Inc., and Group Management Finance and Development, and United Examiners & Appraisers Group, and AIBC Trade Services, Inc., Florida corporations, and Nationwide Consulting Services, a Maryland and Florida corporation, and Wall Street Connections, a Florida corporation; acting together with a group of individuals, associated in fact, although not a legal entity, to wit: **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and RALPH deLUISE, and others known and unknown to the prosecution, did engage in racketeering activities within the meaning of Florida Statute 895.02(1), by committing crimes chargeable by indictment or information under Chapters: 812, relating to theft and related crimes; 817, relating to fraudulent practices, false pretenses, and fraud generally; 896, offenses related to unlawful financial transactions; and, 18 U.S.C. §§1861(1), 1341, offenses related to mail fraud; and 1343, offenses related to wire fraud. The Defendants, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and RALPH deLUISE, and others known and unknown to the prosecution, did unlawfully, willfully and knowingly conduct or participate in such enterprise directly or indirectly through a continuous pattern of racketeering activity as defined in Section 895.02(4), Florida Statutes, by engaging in at least two incidents of racketeering conduct that had the same or similar intents, results, accomplices, victims or methods of commission, or were otherwise interrelated by distinguishing characteristics and were not isolated incidents, including at least two of the following predicate incidents all in

2

violation of Florida Statute §895.03(1-3), and against the peace and dignity of the State of Florida; to wit:

### Predicate Incident 1
Communications Fraud

On or about June 29, 2001, and continuing through and including April 7, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, did engage in a scheme to defraud JOHN CIPOLLA and/or JOHN SHORT and/or GEORGE WINANS and/or CHEROKEE C.L.A.W.; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

### Predicate Incident 2
Communications Fraud

On or about July 9, 2001, and continuing through and including March 21, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and RALPH deLUISE and others known and unknown to the prosecution, did engage in a scheme to defraud JOHN RYAN and/or MARK DEYAK; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

### Predicate Incident 3
Communications Fraud

On or about November 1, 2001, and continuing through and including January 15, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, did engage in a scheme to defraud GARY WEBB and/or G&P ENTERPRISES; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

3

## Predicate Incident 4
### Communications Fraud

On or about March 7, 2002 and continuing through and including February 7, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, did engage in a scheme to defraud KENNETH BURDEN and/or WAYNE GAITHER and/or THOMAS JUSTICE and/or MOHAWK MINING INT'L; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

## Predicate Incident 5
### Communications Fraud

On or about April 2, 2002 and continuing through and including February 14, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, did engage in a scheme to defraud GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS and/or BIO FUELS GROUP and/or PELLETECH; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

## Predicate Incident 6
### Communications Fraud

On or about April 25, 2002 and continuing through and including January 10, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, did engage in a scheme to defraud VERNON BROKKE and/or VIRTUAL VENDING; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

4

## Predicate Incident 7
### Communications Fraud

On or about May 10, 2002 and continuing through and including August 7, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, did engage in a scheme to defraud MEL WYMAN and/or POP N GO; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

## Predicate Incident 8
### Grand Theft

On or about July 13, 2001 and continuing through and including on or about September 9, 2001, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and RALPH deLUISE, and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000 or more, the property of another, to wit: JOHN RYAN and/or MARK DEYAK, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(a)1 and 777.011, Florida Statutes,

## Predicate Incident 9
### Grand Theft

On or about November 1, 2001 and continuing through and including on or about December 19, 2001, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000, or more, the property of another, to wit: GARY WEBB and/or G&P ENTERPRISE, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(a)1 and 777.011, Florida Statutes,

## Predicate Incident 10
### Grand Theft

On or about February 1, 2002 and continuing through and including on or about March 12, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to

Case: 09-03134   Doc# 37   Filed: 07/09/10   Entered: 07/09/10 16:51:53   Page 41 of 73

obtain or use United States Currency, of a value of $20,000 or more, but less than $100,000, the property of another, to wit: JOHN CIPOLLA and/or JOHN SHORT and/or GEORGE WINANS and/or CHEROKEE C.L.A.W., with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(b)1 and 777.011, Florida Statutes,

### Predicate Incident 11
Grand Theft

On or about March 7, 2002 and continuing through and including on or about August 30, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000, or more, the property of another, to wit: KENNETH BURDEN and/or WAYNE GAITHER and/or THOMAS JUSTICE and/or MOHAWK MINING INT'L, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(a)1 and 777.011, Florida Statutes,

### Predicate Incident 12
Grand Theft .

On or about April 2, 2002 and continuing through and including on or about December 31, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000, or more, the property of another, to wit: GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS and/or BIO FUELS GROUP and/or PELLETECH, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(a)1 and 777.011, Florida Statutes,

### Predicate Incident 13
Grand Theft

On or about April 25, 2002 and continuing through and including on or about August 30, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $20,000, or more, but less than $100,000, the property of another, to wit: VERNON BROKKE and/or VIRTUAL VENDING, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own

6

use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(b)1 and 777.011, Florida Statutes,

### Predicate Incident 14
Grand Theft

On or about May 10, 2002 and continuing through and including on or about August 10, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $20,000, or more, but less than $100,000, the property of another, to wit: MEL WYMAN and/or POP N GO, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(b)1 and 777.011, Florida Statutes,

### Predicate Incident 15
Grand Theft

On or about November 20, 2002 and continuing through and including on or about February 14, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE JR., and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $20,000 or more, but less than $100,000, the property of another, to wit: MARK KESSLER, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(b)1 and 777.011, Florida Statutes,

### Predicate Incident 16
18 U.S.C. §1343 - Wire Fraud

On or about July 10, 2001, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and RALPH deLUISE and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

a.    a facsimile transmission (fax) on or about July 10, 2001, from RALPH deLUISE in Clearwater, Florida to JOHN RYAN in Redwood City, California and MARK DEYAK in Rocky Point, New York.

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

7

## Predicate Incident 17
### 18 U.S.C. §1343 - Wire Fraud

On or about July 23, 2001, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and RALPH deLUISE and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

  a.   a facsimile transmission (fax) on or about July 23, 2001, from **JEAN CLAUDE NOEL** and RALPH deLUISE in Clearwater, Florida to JOHN RYAN in Redwood City, California and MARK DEYAK in Rocky Point, New York.

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

## Predicate Incident 18
### 18 U.S.C. §1343 - Wire Fraud

On or about June 6, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

  a.   a facsimile transmission (fax) on or about June 6, 2002, from **JEAN CLAUDE NOEL** and PHILIP M. WILSON faxed from Ocoee, Florida to KENNETH BURDEN and/or WAYNE GAITHER in Cordova, Tennessee; and,

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

## Predicate Incident 19
### 18 U.S.C. §1343 - Wire Fraud

On or about July 18, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted

8

by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

a.  a facsimile transmission (fax) on or about July 18, 2002, from **JEAN CLAUDE NOEL** and PHILIP M. WILSON faxed from Miami and Ocoee, Florida to KENNETH BURDEN and/or WAYNE GAITHER in Cordova, Tennessee,

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

## Predicate Incident 20
### 18 U.S.C. §1343 - Wire Fraud

On or about August 7, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

a.  a facsimile transmission (fax) on or about August 7, 2002, from **JEAN CLAUDE NOEL** and PHILIP M. WILSON, faxed from Miami and Ocoee, Florida to MEL WYMAN in Santa Monica, California,

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

## Predicate Incident 21
### 18 U.S.C. §1343 - Wire Fraud

On or about August 15, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

a.  a facsimile transmission (fax) on or about August 15, 2002 from **JEAN CLAUDE NOEL** and PHILIP M. WILSON, faxed from Miami and Ocoee, Florida to GARY WEBB in Columbus, Ohio,

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

9

## Predicate Incident 22
18 U.S.C. §1343 - Wire Fraud

On or about August 15, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

    a.    a facsimile transmission (fax) on or about August 15, 2002 from **JEAN CLAUDE NOEL** and PHILIP M. WILSON, faxed from Miami and Ocoee, Florida to WARREN BERKLE and thereafter to GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS in Troy, New York,

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

## Predicate Incident 23
18 U.S.C. §1343 - Wire Fraud

On or about August 15, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

    a.    a facsimile transmission (fax) on or about August 15, 2002, from **JEAN CLAUDE NOEL** and PHILIP M. WILSON, faxed from Miami and Ocoee, Florida to WARREN BERKLE and VERNON BROKKE in Baltimore, Maryland,

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

## Predicate Incident 24
18 U.S.C. §1343 - Wire Fraud

On or about August 15, 2002 continuing on and through January 29, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WARREN BERKLE, JR. and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or

10

attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

a.  a facsimile transmission (fax) on or about August 15, 2002, from PHILIP M. WILSON via fax from Miami and Ocoee, Florida to WARREN BERKLE, who thereafter caused it to be faxed to MARK KESSLER in Huntersville, North Carolina.

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011.

## Predicate Incident 25
18 U.S.C. §1343 - Wire Fraud

On or about February 14, 2003, **JEAN CLAUDE NOEL** and WARREN BERKLE, JR. and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

a.  a facsimile transmission (fax) on or about February 14, 2003 from **JEAN CLAUDE NOEL** in Miami, Florida to WARREN BERKLE, who thereafter caused it to be faxed to MARK KESSLER in Huntersville, North Carolina.

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011.

## Predicate Incident 26
18 U.S.C. §1341 - Mail Fraud

On or about March 21, 2003, **JEAN CLAUDE NOEL** and WILLIAM DeFALCO and RALPH deLUISE and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and placed for the purpose of executing such scheme or artifice or attempting to do so, in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or knowingly caused to be delivered by mail according to the direction thereon, or at any place at which it is directed to be delivered by the person to who it is addressed, any such matter or thing to wit:

a.  a letter mailed on or about March 21, 2003, from **JEAN CLAUDE NOEL** in Miami, Florida  to JOHN RYAN in Redwood City, California.

11

contrary to 18 U.S.C. §1341, F.S. 895.02(b), F.S. 777.011,

### Predicate Incident 27
18 U.S.C. §1343 - Wire Fraud

On or about April 7, 2003, **JEAN CLAUDE NOEL** and WILLIAM DeFALCO, and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

a.  a facsimile transmission (fax) on or about April 7, 2003 from **JEAN CLAUDE NOEL** in Miami, Florida to JOHN CIPOLLA and/or JOHN SHORT in Topeka, Kansas and Monkey Island, Oklahoma,

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011.

### Predicate Incident 28
Money Laundering

On or about July 12, 2001 continuing through and including on or about November 30, 2001, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and RALPH deLUISE and others known and unknown to the prosecution, while knowing that the property involved in a financial transaction as defined in F.S. 896.101, represented the proceeds of some form of unlawful activity, did conduct or attempt to conduct such financial transactions, to wit: transactions totaling or exceeding $100,000. in any 12-month period, which in fact involved the proceeds of specified unlawful activity to wit: violations of Florida Statute Chapters: 687, relating to relating loan broker fraud; 812, relating to theft; 817.034, relating to communications fraud; 895, relating to racketeering; 18 U.S.C. sec. 1341, relating to Federal Mail Fraud; and, 18 U.S.C. sec. 1343, relating to Federal Wire Fraud; with the intent to promote the carrying on of said specified unlawful activity or knowing that the transaction is designed in whole or part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of said specified unlawful activity in violation of F.S. 896.101 and F.S. 777.011,

### Predicate Incident 29
Money Laundering

On or about February 4, 2002 continuing through and including on or about December 27, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR., and others known and unknown to the prosecution, while knowing that the property involved in a financial transaction as defined in F.S. 896.101, represented the

12

proceeds of some form of unlawful activity, did conduct or attempt to conduct such financial transactions, to wit: transactions totaling or exceeding $100,000. in any 12-month period, which in fact involved the proceeds of specified unlawful activity to wit: violations of Florida Statute Chapters: 687, relating to relating loan broker fraud; 812, relating to theft; 817.034, relating to communications fraud; 895, relating to racketeering; 18 U.S.C. sec. 1341, relating to Federal Mail Fraud; and 18 U.S.C. sec. 1343, relating to Federal Wire Fraud; with the intent to promote the carrying on of said specified unlawful activity or knowing that the transaction is designed in whole or part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of said specified unlawful activity in violation of F.S. 896.101 and F.S. 777.011,

## Predicate Incident 30
18 U.S.C. §1341 - Mail Fraud

On or about February 7, 2003, **JEAN CLAUDE NOEL** and WILLIAM DeFALCO and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and placed for the purpose of executing such scheme or artifice or attempting to do so, in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or knowingly caused to be delivered by mail according to the direction thereon, or at any place at which it is directed to be delivered by the person to who it is addressed, any such matter or thing to wit:

a. a letter mailed on or about February 7, 2003, from **JEAN CLAUDE NOEL** in Miami, Florida to WAYNE GAITHER in Cordova, Tennessee.

contrary to 18 U.S.C. §1341, F.S. 895.02(b), F.S. 777.011,

## Predicate Incident 31
Communications Fraud

On or about November 20, 2002 and continuing through and including February 22, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, did engage in a scheme to defraud MARK KESSLER; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

13

## COUNT 2
### Conspiracy to Commit Racketeering

**WILLIAM N. SHEPHERD**, Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that beginning on or about June 29, 2001 and continuing through and including on or about February 17, 2004, in the Sixth, Ninth, Eleventh, and Seventeenth Judicial Circuits, to wit: Pinellas, Orange, Miami-Dade, and Broward Counties, Florida, the Defendants, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and RALPH deLUISE, and others known and unknown to the prosecution, did unlawfully and knowingly, agree, combine, conspire or confederate, one with the other while employed by or associated with an enterprise as defined in Section 895.02(3), Florida Statutes, to wit: Morningstar Financial Group Services, Inc., and Morningstar Financial Group Trust, and Morning Star Financial Services Group, Inc., and Group Management Finance and Development, and United Examiners & Appraisers Group, and Group Management Financial Services, Inc., and AIBC Trade Services, Inc., Florida corporations, and Nationwide Consulting Services, a Maryland and Florida corporation, and Wall Street Connections, Inc., a Florida corporation; to acting together with a group of individuals, associated in fact, although not a legal entity, to wit: **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and RALPH deLUISE, and others known and unknown to the prosecution, did violate the laws of the State of Florida, to wit: the laws prohibiting any persons employed by or associated with an enterprise as defined by Section 895.02(3), Florida Statutes, from conducting or participating either directly or indirectly in the affairs of said enterprise through a pattern of racketeering activities, and said

14

conspiracy being in violation of section 895.03(4), Florida Statutes. As part of said conspiracy, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and RALPH deLUISE, and others known and unknown to the prosecution, did either engage in at least two incidents of racketeering activity, e.g., Theft in violation of Section 812.014; Communications Fraud in violation of Section 817.034(4); Money Laundering in violation of Sections 896.101(1)(a) and 896.101(2)(a); and 18 U.S.C. §§ 1861(1), 1341, offenses relating to mail fraud; and 1343, offenses related to wire fraud or, otherwise participated in the affairs of such group or enterprise, with the knowledge and intent that other members of the conspiracy would engage in at least two such incidents of racketeering activity, to-wit:

### Predicate Incident 1
Communications Fraud

On or about June 29, 2001, and continuing through and including April 7, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, did engage in a scheme to defraud JOHN CIPOLLA and/or JOHN SHORT and/or GEORGE WINANS and/or CHEROKEE C.L.A.W.; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

### Predicate Incident 2
Communications Fraud

On or about July 9, 2001, and continuing through and including March 21, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and RALPH deLUISE and others known and unknown to the prosecution, did engage in a scheme to defraud JOHN RYAN and/or MARK DEYAK; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred

Case: 09-03134    Doc# 37    Filed: 07/09/10    Entered: 07/09/10 16:51:53    Page 51 of 73

dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

### Predicate Incident 3
Communications Fraud

On or about November 1, 2001, and continuing through and including January 15, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, did engage in a scheme to defraud GARY WEBB and/or G&P ENTERPRISES; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

### Predicate Incident 4
Communications Fraud

On or about March 7, 2002 and continuing through and including February 7, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, did engage in a scheme to defraud KENNETH BURDEN and/or WAYNE GAITHER and/or THOMAS JUSTICE and/or MOHAWK MINING INT'L; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

### Predicate Incident 5
Communications Fraud

On or about April 2, 2002 and continuing through and including February 14, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, did engage in a scheme to defraud GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS and/or BIO FUELS GROUP and/or PELLETECH; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

16

## Predicate Incident 6
### Communications Fraud

On or about April 25, 2002 and continuing through and including January 10, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, did engage in a scheme to defraud VERNON BROKKE and/or VIRTUAL VENDING; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

## Predicate Incident 7
### Communications Fraud

On or about May 10, 2002 and continuing through and including August 7, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, did engage in a scheme to defraud MEL WYMAN and/or POP N GO; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

## Predicate Incident 8
### Grand Theft

On or about July 13, 2001 and continuing through and including on or about September 9, 2001, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and RALPH deLUISE, and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000 or more, the property of another, to wit: JOHN RYAN and/or MARK DEYAK, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(a)1 and 777.011, Florida Statutes,

17

### Predicate Incident 9
Grand Theft

On or about November 1, 2001 and continuing through and including on or about December 19, 2001, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000, or more, the property of another, to wit: GARY WEBB and/or G&P ENTERPRISE, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(a)1 and 777.011, Florida Statutes,

### Predicate Incident 10
Grand Theft

On or about February 1, 2002 and continuing through and including on or about March 12, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $20,000 or more, but less than $100,000, the property of another, to wit: JOHN CIPOLLA and/or JOHN SHORT and/or GEORGE WINANS and/or CHEROKEE C.L.A.W., with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(b)1 and 777.011, Florida Statutes,

### Predicate Incident 11
Grand Theft

On or about March 7, 2002 and continuing through and including on or about August 30, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000, or more, the property of another, to wit: KENNETH BURDEN and/or WAYNE GAITHER and/or THOMAS JUSTICE and/or MOHAWK MINING INT'L, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(a)1 and 777.011, Florida Statutes,

### Predicate Incident 12
Grand Theft

On or about April 2, 2002 and continuing through and including on or about December 31, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and

18

WARREN BERKLE, JR. and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000, or more, the property of another, to wit: GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS and/or BIO FUELS GROUP and/or PELLETECH, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(a)1 and 777.011, Florida Statutes,

## Predicate Incident 13
### Grand Theft

On or about April 25, 2002 and continuing through and including on or about August 30, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $20,000, or more, but less than $100,000, the property of another, to wit: VERNON BROKKE and/or VIRTUAL VENDING, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(b)1 and 777.011, Florida Statutes,

## Predicate Incident 14
### Grand Theft

On or about May 10, 2002 and continuing through and including on or about August 10, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $20,000, or more, but less than $100,000, the property of another, to wit: MEL WYMAN and/or POP N GO, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(b)1 and 777.011, Florida Statutes,

## Predicate Incident 15
### Grand Theft

On or about November 20, 2002 and continuing through and including on or about February 14, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE JR., and others known and unknown to the prosecution, did knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $20,000 or more, but less than $100,000,the property of another, to wit: MARK KESSLER, with the intent to temporarily or permanently deprive said persons of a right to the property, or a

19

benefit therefrom, or to appropriate the property to the Subjects' own use or to the use of a person not entitled thereto, in violation of Sections 812.014(1)(2)(b)1 and 777.011, Florida Statutes,

### Predicate Incident 16
18 U.S.C. §1343 - Wire Fraud

On or about July 10, 2001, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and RALPH deLUISE and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

    a.    a facsimile transmission (fax) on or about July 10, 2001, from RALPH deLUISE in Clearwater, Florida to JOHN RYAN in Redwood City, California and MARK DEYAK in Rocky Point, New York.

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

### Predicate Incident 17
18 U.S.C. §1343 - Wire Fraud

On or about July 23, 2001, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and RALPH deLUISE and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

    a.    a facsimile transmission (fax) on or about July 23, 2001, from **JEAN CLAUDE NOEL** and RALPH deLUISE in Clearwater, Florida to JOHN RYAN in Redwood City, California and MARK DEYAK in Rocky Point, New York.

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

### Predicate Incident 18
18 U.S.C. §1343 - Wire Fraud

On or about June 6, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by

20

means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

    a.    a facsimile transmission (fax) on or about June 6, 2002, from **JEAN CLAUDE NOEL** and PHILIP M. WILSON faxed from Ocoee, Florida to KENNETH BURDEN and/or WAYNE GAITHER in Cordova, Tennessee; and,

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

### Predicate Incident 19
18 U.S.C. §1343 - Wire Fraud

On or about July 18, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

    a.    a facsimile transmission (fax) on or about July 18, 2002, from **JEAN CLAUDE NOEL** and PHILIP M. WILSON faxed from Miami and Ocoee, Florida to KENNETH BURDEN and/or WAYNE GAITHER in Cordova, Tennessee,

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

### Predicate Incident 20
18 U.S.C. §1343 - Wire Fraud

On or about August 7, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

    a.    a facsimile transmission (fax) on or about August 7, 2002, from **JEAN CLAUDE NOEL** and PHILIP M. WILSON, faxed from Miami and Ocoee, Florida to MEL WYMAN in Santa Monica, California,

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

21

## Predicate Incident 21
18 U.S.C. §1343 - Wire Fraud

On or about August 15, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

a. a facsimile transmission (fax) on or about August 15, 2002 from **JEAN CLAUDE NOEL** and PHILIP M. WILSON, faxed from Miami and Ocoee, Florida to GARY WEBB in Columbus, Ohio,

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

## Predicate Incident 22
18 U.S.C. §1343 - Wire Fraud

On or about August 15, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

a. a facsimile transmission (fax) on or about August 15, 2002 from **JEAN CLAUDE NOEL** and PHILIP M. WILSON, faxed from Miami and Ocoee, Florida to WARREN BERKLE and thereafter to GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS in Troy, New York,

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

## Predicate Incident 23
18 U.S.C. §1343 - Wire Fraud

On or about August 15, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

22

a.   a facsimile transmission (fax) on or about August 15, 2002, from **JEAN CLAUDE NOEL** and PHILIP M. WILSON, faxed from Miami and Ocoee, Florida to WARREN BERKLE and VERNON BROKKE in Baltimore, Maryland,

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011,

### Predicate Incident 24
18 U.S.C. §1343 - Wire Fraud

On or about August 15, 2002 continuing on and through January 29, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WARREN BERKLE, JR. and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

a.   a facsimile transmission (fax) on or about August 15, 2002, from PHILIP M. WILSON via fax from Miami and Ocoee, Florida to WARREN BERKLE, who thereafter caused it to be faxed to MARK KESSLER in Huntersville, North Carolina.

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011.

### Predicate Incident 25
18 U.S.C. §1343 - Wire Fraud

On or about February 14, 2003, **JEAN CLAUDE NOEL** and WARREN BERKLE, JR. and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

a.   a facsimile transmission (fax) on or about February 14, 2003 from **JEAN CLAUDE NOEL** in Miami, Florida to WARREN BERKLE, who thereafter caused it to be faxed to MARK KESSLER in Huntersville, North Carolina.

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011. ·

### Predicate Incident 26
18 U.S.C. §1341 - Mail Fraud

On or about March 21, 2003, **JEAN CLAUDE NOEL** and WILLIAM DeFALCO and RALPH deLUISE and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and placed for the purpose of executing

23

such scheme or artifice or attempting to do so, in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or knowingly caused to be delivered by mail according to the direction thereon, or at any place at which it is directed to be delivered by the person to who it is addressed, any such matter or thing to wit:

a. a letter mailed on or about March 21, 2003, from **JEAN CLAUDE NOEL** in Miami, Florida to JOHN RYAN in Redwood City, California.

contrary to 18 U.S.C. §1341, F.S. 895.02(b), F.S. 777.011,

### Predicate Incident 27
18 U.S.C. §1343 - Wire Fraud

On or about April 7, 2003, **JEAN CLAUDE NOEL** and WILLIAM DeFALCO, and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds, to wit:

a. a facsimile transmission (fax) on or about April 7, 2003 from **JEAN CLAUDE NOEL** in Miami, Florida to JOHN CIPOLLA and/or JOHN SHORT in Topeka, Kansas and Monkey Island, Oklahoma,

contrary to 18 U.S.C. §1343, F.S. 895.02(b), F.S. 777.011.

### Predicate Incident 28
Money Laundering

On or about July 12, 2001 continuing through and including on or about November 30, 2001, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and RALPH deLUISE and others known and unknown to the prosecution, while knowing that the property involved in a financial transaction as defined in F.S. 896.101, represented the proceeds of some form of unlawful activity, did conduct or attempt to conduct such financial transactions, to wit: transactions totaling or exceeding $100,000. in any 12-month period, which in fact involved the proceeds of specified unlawful activity to wit: violations of Florida Statute Chapters: 687, relating to relating loan broker fraud; 812, relating to theft; 817.034, relating to communications fraud; 895, relating to racketeering; 18 U.S.C. sec. 1341, relating to Federal Mail Fraud; and, 18 U.S.C. sec. 1343, relating to Federal Wire Fraud; with the intent to promote the carrying on of said specified unlawful activity or knowing that the transaction is designed in whole or part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of said specified unlawful activity in violation of F.S. 896.101 and F.S. 777.011,

24

## Predicate Incident 29
### Money Laundering

On or about February 4, 2002 continuing through and including on or about December 27, 2002, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR., and others known and unknown to the prosecution, while knowing that the property involved in a financial transaction as defined in F.S. 896.101, represented the proceeds of some form of unlawful activity, did conduct or attempt to conduct such financial transactions, to wit: transactions totaling or exceeding $100,000. in any 12-month period, which in fact involved the proceeds of specified unlawful activity to wit: violations of Florida Statute Chapters: 687, relating to relating loan broker fraud; 812, relating to theft; 817.034, relating to communications fraud; 895, relating to racketeering; 18 U.S.C. sec. 1341, relating to Federal Mail Fraud; and 18 U.S.C. sec. 1343, relating to Federal Wire Fraud; with the intent to promote the carrying on of said specified unlawful activity or knowing that the transaction is designed in whole or part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of said specified unlawful activity in violation of F.S. 896.101 and F.S. 777.011,

## Predicate Incident 30
### 18 U.S.C. §1341 - Mail Fraud

On or about February 7, 2003, **JEAN CLAUDE NOEL** and WILLIAM DeFALCO and others known and unknown to the prosecution, devised or intended to devise or aided and abetted in, a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises, and placed for the purpose of executing such scheme or artifice or attempting to do so, in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or knowingly caused to be delivered by mail according to the direction thereon, or at any place at which it is directed to be delivered by the person to who it is addressed, any such matter or thing to wit:

   a.   a letter mailed on or about February 7, 2003, from **JEAN CLAUDE NOEL** in Miami, Florida to WAYNE GAITHER in Cordova, Tennessee.

contrary to 18 U.S.C. §1341, F.S. 895.02(b), F.S. 777.011,

## Predicate Incident 31
### Communications Fraud

On or about November 20, 2002 and continuing through and including February 22, 2003, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR. and others known and unknown to the prosecution, did engage in a scheme to defraud MARK KESSLER; and in furtherance of that scheme, did communicate with the victims as defined in Section 817.034(3)(a), Florida Statutes, with the intent to obtain property from the victims, as defined at Section 817.034(3)(c), Florida Statutes, and did thereby obtain or endeavor to obtain from said victims United States Currency with a value of three hundred dollars ($300.00) or more, the property of said persons listed above and others, as owners or custodians, in violation of Sections 817.034(4)(b)1 and 777.011, Florida Statutes,

Case: 09-03134   Doc# 37   Filed: 07/09/10   Entered: 07/09/10 16:51:53   Page 61 of 73

**WILLIAM N. SHEPHERD**, Statewide Prosecutor for the State of Florida, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that on or about July 12, 2001 and continuing through and including on or about December 31, 2002 in the Ninth, Eleventh and Seventeenth Judicial Circuits, to wit: Orange, Miami-Dade and Broward Counties, Florida, **JEAN CLAUDE NOEL** and PHILIP M. WILSON and WILLIAM DeFALCO and WARREN BERKLE, JR., and others known and unknown to the prosecution, as part of an offense related to an organized criminal conspiracy affecting two or more judicial circuits or as part of an offense occurring in two or more judicial circuits, to wit: Orange, Miami-Dade and Broward Counties; did unlawfully and knowingly, obtain or use, or endeavor to obtain or use United States Currency, of a value of $100,000, or more, the property of another, to wit:  JOHN RYAN and/or MARK DEYAK and/or JOHN CIPOLLA and/or JOHN SHORT and/or GEORGE WINANS and/or CHEROKEE C.L.A.W. and/or GARY WEBB and/or G&P ENTERPRISES and/or KENNETH BURDEN and/or WAYNE GAITHER and/or THOMAS JUSTICE and/or MOHAWK MINING and/or GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS and/or BIO FUELS GROUP and/or PELLETECH and/or VERNON BROKKE and/or VIRTUAL VENDING and/or MEL WYMAN and/or POP N GO, with the intent to temporarily or permanently deprive said persons of a right to the property, or a benefit there from, or to appropriate the property to the Defendants' own use or to the use of a person not entitled thereto, in violation of Florida Statutes 812.014(1)(2)(a)1, 812.012 (10)(c) and 777.011, a first degree felony.

AND ALL OF SAID OFFENSES BEING AGAINST THE PEACE AND DIGNITY OF THE STATE OF FLORIDA, OCCURRED IN TWO OR MORE JUDICIAL CIRCUITS IN THE STATE OF FLORIDA AS PART OF A RELATED TRANSACTION OR SAID OFFENSES WERE CONNECTED WITH AN

Case: 09-03134   Doc# 37   Filed: 07/09/10   Entered: 07/09/10 16:51:53   Page 62 of 73

ORGANIZED CRIMINAL CONSPIRACY AFFECTING TWO OR MORE JUDICIAL CIRCUITS IN THE STATE OF FLORIDA.

Dated this 6th day of January, 2010.

WILLIAM N. SHEPHERD
STATEWIDE PROSECUTOR

MARGERY J. LEXA
Assistant Statewide Prosecutor
Office of Statewide Prosecution
110 S.E. 6th Street - Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 712-4600
Florida Bar No. **041017**

STATE OF FLORIDA           }
COUNTY OF BROWARD      }

Personally appeared before me **MARGERY J. LEXA**, designated Assistant Statewide Prosecutor for the State of Florida, personally known to me, who being first duly sworn says that this prosecution is instituted in good faith and certifies that testimony was received under oath from material witnesses for the offenses, and the allegations as set forth in the foregoing Information, if true, would constitute the offenses therein charged.

Sworn to and subscribed before me this _____ day of January, 2010.



Notary Public
State of Florida

RHONDA D. GREENE
MY COMMISSION # DD 864948
EXPIRES: April 9, 2013
Bonded Thru Notary Public Underwriters

28

## DEFENDANT DATA:

Name:          JEAN CLAUDE NOEL
Race:          Black
Sex:           Male
Date of Birth: 6/20/1958 [and also uses 6/20/1957]
Place of Birth: Haiti
L/K/A:         15321 SW 133 Place, #1008
               Miami, FL 33177
Fla. D/L:      N400-420-57-220-0
SSN:                          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
Aliases:       Jan Claude Compas
               Claude Noel
               J. Claude Noel
               Jan Claude Noel

# EXHIBIT 3

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,                          CASE NO.:   07-9128CF10A

        Plaintiff,                         JUDGE:      CARLOS RODRIGUEZ

vs.                                        OSP NO.:    2007-0051-FLL

JEAN CLAUDE NOEL,

        Defendant.

_____/

*Filed in Open Court,*
*CLERK OF THE CIRCUIT COURT*
*ON _____ FEB 0 9 2010*
*BY _____*

## VERDICT

We, the jury, find as follows, as to **Count 1** of the Information (check only one as to this count (a) or (b)):

_____ a.    The defendant is guilty of Racketeering, as charged in the Information.
              *[If you check paragraph (a); go to paragraph A]*

__✓___ b.    The defendant is not guilty.
              *[If you check paragraph (b); skip paragraph A]*

A.    If you find the defendant guilty of Racketeering and have checked (a), you then must check which of the following predicate incidents were committed by the defendant:

_____ Predicate Incident 1 involving Communications Fraud and JOHN CIPOLLA and/or JOHN SHORT and/or GEORGE WINANS and/or CHEROKEE C.L.A.W.

_____ Predicate Incident 2 involving Communications Fraud and JOHN RYAN and/or MARK DEYAK

_____ Predicate Incident 4 involving Communications Fraud of KENNETH BURDEN and/or WAYNE GAITHER and/or THOMAS JUSTICE and/or MOHAWK MINING INT'L

_____ Predicate Incident 5 involving Communications Fraud of GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS and/or BIO FUELS GROUP and/or PELLETECH

_____ Predicate Incident 6 involving Communications Fraud of VERNON BROKKE and/or VIRTUAL VENDING

Page **1** of **3**

Case: 09-03134    Doc# 37    Filed: 07/09/10    Entered: 07/09/10 16:51:53    Page 67 of 73

_____ Predicate Incident 7 involving Communications Fraud of MEL WYMAN and/or POP-N-GO

_____ Predicate Incident 8 involving Grand Theft from MARK DEYAK

_____ Predicate Incident 10 involving Grand Theft from JOHN CIPOLLA and/or JOHN SHORT and/or GEORGE WINANS and/or CHEROKEE C.L.A.W.

_____ Predicate Incident 11 involving Grand Theft from KENNETH BURDEN and/or WAYNE GAITHER and/or THOMAS JUSTICE and/or MOHAWK MINING INT'L

_____ Predicate Incident 12 involving Grand Theft from GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS and/or BIO FUELS GROUP and/or PELLETECH

_____ Predicate Incident 13 involving Grand Theft from VERNON BROKKE and/or VIRTUAL VENDING

_____ Predicate Incident 14 involving Grand Theft from MEL WYMAN and/or POP-N-GO

_____ Predicate Incident 15 involving Grand Theft from GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS and/or BIO FUELS GROUP and/or PELLETECH

_____ Predicate Incident 16 involving Wire Fraud of JOHN RYAN and/or MARK DEYAK

_____ Predicate Incident 17 involving Wire Fraud of JOHN RYAN and/or MARK DEYAK

_____ Predicate Incident 18 involving Wire Fraud of KENNETH BURDEN and/or WAYNE GAITHER

_____ Predicate Incident 19 involving Wire Fraud of KENNETH BURDEN and/or WAYNE GAITHER

_____ Predicate Incident 20 involving Wire Fraud of MEL WYMAN

_____ Predicate Incident 22 involving Wire Fraud of GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS

_____ Predicate Incident 23 involving Wire Fraud of VERNON BROKKE

Case: 09-03134    Doc# 37    Filed: 07/09/10    Entered: 07/09/10 16:51:53    Page 68 of 73

\_\_\_\_    Predicate Incident 24 involving Wire Fraud of MARK KESSLER

\_\_\_\_    Predicate Incident 25 involving Wire Fraud of MARK KESSLER

\_\_\_\_    Predicate Incident 26 involving Mail Fraud of JOHN RYAN

\_\_\_\_    Predicate Incident 27 involving Wire Fraud of JOHN CIPOLLA and/or JOHN SHORT

\_\_\_\_    Predicate Incident 28 involving Money Laundering

\_\_\_\_    Predicate Incident 29 involving Money Laundering

\_\_\_\_    Predicate Incident 30 involving Mail Fraud of WAYNE GAITHER

\_\_\_\_    Predicate Incident 31 involving Communications Fraud of MARK KESSLER

SO SAY WE ALL.

Dated this \_\_\_8th\_\_\_ day of _____, 2010, at Fort Lauderdale, Broward County, Florida.

_____
FOREPERSON

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA

        Plaintiff,

vs.

JEAN CLAUDE NOEL,

        Defendant.

_____/

CASE NO.: 07-9128CF10A

JUDGE: CARLOS RODRIGUEZ

OSP NO.: 2007-0051-FLL

Filed in Open Court
CLERK OF THE CIRCUIT COURT
ON _____ FEB 0 8 2009
BY _____

## VERDICT

We, the jury, find as follows, as to **Count 2** of the Information (check only one as to this count (a) or (b)):

___✓___ a.    The defendant is guilty of Conspiracy to Commit Racketeering, as charged in the Information.
           *[If you check paragraph (a); go to paragraph A]*

_____ b.    The defendant is not guilty.
           *[If you check paragraph (b); skip paragraph A]*

A.    If you find the defendant guilty of Conspiracy to Commit Racketeering and have checked (a), you then must check which of the following predicate incidents were committed by the defendant:

_____    Predicate Incident 1 involving Communications Fraud and JOHN CIPOLLA and/or JOHN SHORT and/or GEORGE WINANS and/or CHEROKEE C.L.A.W.

_____    Predicate Incident 2 involving Communications Fraud and JOHN RYAN and/or MARK DEYAK

_____    Predicate Incident 4 involving Communications Fraud of KENNETH BURDEN and/or WAYNE GAITHER and/or THOMAS JUSTICE and/or MOHAWK MINING INT'L

___✓___    Predicate Incident 5 involving Communications Fraud of GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS and/or BIO FUELS GROUP and/or PELLETECH

Page 1 of **3**

Case: 09-03134    Doc# 37    Filed: 07/09/10    Entered: 07/09/10 16:51:53    Page 70 of 73

_____ Predicate Incident 6 involving Communications Fraud of VERNON BROKKE and/or VIRTUAL VENDING

_____ Predicate Incident 7 involving Communications Fraud of MEL WYMAN and/or POP-N-GO

_√_ Predicate Incident 8 involving Grand Theft from MARK DEYAK

_____ Predicate Incident 10 involving Grand Theft from JOHN CIPOLLA and/or JOHN SHORT and/or GEORGE WINANS and/or CHEROKEE C.L.A.W.

_____ Predicate Incident 11 involving Grand Theft from KENNETH BURDEN and/or WAYNE GAITHER and/or THOMAS JUSTICE and/or MOHAWK MINING INT'L

_✓_ Predicate Incident 12 involving Grand Theft from GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS and/or BIO FUELS GROUP and/or PELLETECH

_____ Predicate Incident 13 involving Grand Theft from VERNON BROKKE and/or VIRTUAL VENDING

_____ Predicate Incident 14 involving Grand Theft from MEL WYMAN and/or POP-N-GO

_✓_ Predicate Incident 15 involving Grand Theft from GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS and/or BIO FUELS GROUP and/or PELLETECH

_✓_ Predicate Incident 16 involving Wire Fraud of JOHN RYAN and/or MARK DEYAK

_✓_ Predicate Incident 17 involving Wire Fraud of JOHN RYAN and/or MARK DEYAK

_____ Predicate Incident 18 involving Wire Fraud of KENNETH BURDEN and/or WAYNE GAITHER

_____ Predicate Incident 19 involving Wire Fraud of KENNETH BURDEN and/or WAYNE GAITHER

_____ Predicate Incident 20 involving Wire Fraud of MEL WYMAN

_✓_ Predicate Incident 22 involving Wire Fraud of GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS

_____ Predicate Incident 23 involving Wire Fraud of VERNON BROKKE

_____ Predicate Incident 24 involving Wire Fraud of MARK KESSLER

_____ Predicate Incident 25 involving Wire Fraud of MARK KESSLER

Page **2** of **3**

_____ Predicate Incident 26 involving Mail Fraud of JOHN RYAN

_____ Predicate Incident 27 involving Wire Fraud of JOHN CIPOLLA and/or JOHN SHORT

_____ Predicate Incident 28 involving Money Laundering

_____ Predicate Incident 29 involving Money Laundering

_____ Predicate Incident 30 involving Mail Fraud of WAYNE GAITHER

_____ Predicate Incident 31 involving Communications Fraud of MARK KESSLER

SO SAY WE ALL.

Dated this _____ day of _____, 2010, at Fort Lauderdale, Broward County, Florida.

_____
FOREPERSON

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,

        Plaintiff,

vs.

JEAN CLAUDE NOEL,

        Defendant.

_____/

CASE NO.:  07-9128CF10A

JUDGE:  DIVISION FF

OSP NO.:  2007-0051-FLL

Filed in Open Court,
CLERK OF THE CIRCUIT COURT
ON    FEB 0 8 2010
BY _____

## VERDICT

We, the jury, find as follows, as to **Count 3** of the Information:

✓    a.    The defendant is guilty of Grand Theft involving MARK DEYAK and/or JOHN CIPOLLA and/or JOHN SHORT and/or GEORGE WINANS and/or CHEROKEE C.L.A.W. and/or KENNETH BURDEN and/or WAYNE GAITHER and/or THOMAS JUSTICE and/or MOHAWK MINING and/or GEORGE MCGOWAN and/or GLEN GODELL and/or MIKE ANDREWS and/or BIO FUELS GROUP and/or PELLETECH and/or VERNON BROKKE and/or VIRTUAL VENDING and/or MEL WYMAN and/or POP N GO, as charged in the Information.

If you find Jean Claude Noel guilty of Conspiracy to Commit Grand Theft, you must determine by your verdict whether the State has proven beyond a reasonable doubt that:

    ✓  i.    The value of the property intended to be taken was $100,000 or more, or

    _____  ii.    The value of the property intended to be taken was $20,000 or more but less than $100,000, or

    _____  iii.    The value of the property intended to be taken was $300 or more but less than $20,000, or

    _____  iv.    The value of the property intended to be taken was less than $300.

_____  b.    The defendant is not guilty.

SO SAY WE ALL.

Dated this  8th  day of  February , 2010, at Fort Lauderdale, Broward County, Florida.

_____
FOREPERSON

Case: 09-03134   Doc# 37   Filed: 07/09/10   Entered: 07/09/10 16:51:53   Page 73 of 73