DAVID J. BROWN, ESQ. (SBN 56628)
MBV LAW LLP
davidbrown@mbvlaw.com
855 Front Street
San Francisco, California 94111
Telephone: 415-781-4400
Facsimile: 415-989-5143

Attorneys for Plaintiff John A. Ryan

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re<br><br>JOHN A. RYAN and DANIELLE T. RYAN,<br><br>    Debtors,<br><br>JOHN A. RYAN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>NICKLOS CIOLINO; CHARLES CIOLINO; ROBERT AGUILAR; STEPHEN DANIELE; DANIEL DELORENZI; ALMA CIOLINO; EVELYN CIOLINO; PRISCILLA AGUILAR; THERESA DANIELE; and DOES 1 to 25, inclusive,<br><br>    Defendants. | CASE No. 05-32933 Chapter 7<br><br><br><br>ADVERSARY No. 09-03134<br><br>**DECLARATION OF LOUIS FRANECKE** |

I, Louis Franecke declare:

1. I am an attorney licensed to practice law in the State of California. I have specific personal knowledge of all facts herein unless otherwise noted. I have knowledge of the facts identified in paragraph 4 subdivisions (a) through (c) herein based on a meeting with counsel for plaintiff. The opinion rendered herein is my own.

2. For the past 38 years, I have tried cases to verdict with multi-million dollar recoveries. I am Board Certified in Civil Trial Advocacy. I am permitted to practice before The United States Supreme Court, the Courts of Appeal of the 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 10th and 11th Circuits, numerous United States District Courts, and the State of California Courts. I have argued before the United States Supreme Court twice and argued before numerous Courts of Appeal for both Federal and state. I am a member and have presented papers before the American Trial Lawyers Association, Consumer Attorneys of California, Lawyer-Pilot Bar Association, San Francisco Bar Association, Los Angeles Bar Association, Marin Bar Association, Brain Injury Institute. I have appeared on The O'Reilly Factor, 20/20, 60 Minutes. I have been written about in USA TODAY, New York Times, Los Angeles Times, San Francisco Chronicle, Time Magazine, Aviation Week and Space Technologies, among others.

3. I was ~~plaintiff~~ *Defendant's* John A. Ryan's trial lawyer in the *Ciolino v. Ryan* matter which formed the basis for Mr. Ryan's non-dischargeable debt.

4. Subsequent to Mr. Ryan's appeal I have been informed by counsel for plaintiff of several recently discovered facts. The facts plaintiff's counsel informed me of are as follows:

(a) Plaintiffs counsel informed me that the Securities and Exchange Commission ("SEC") after first asserting in a complaint that Ryan had run a Ponzi scheme of his own and in conjunction with Von Cummings ("Cummings"), and Cummings' company called Paramount Financial Partners ("Paramount"), later found that:

> **Between January 1, 2001 and July 5, 2001, Ryan was associated with Paramount Financial, a purported hedge fund that was falsely represented to investors as generating large returns for clients. Unbeknownst to Ryan at the time, Paramount Financial was in fact not a hedge fund and did not buy or sell securities for clients' accounts.**

(b) Plaintiff's counsel informed me that The Federal prosecutors in Ohio after pursuing an investigation, culminating in an indictment of Cummings in 2006 for his Ponzi scheme, and bringing no action against Mr. Ryan in connection with Cummings activities and Cummings took a plea bargain and wrote in a sentencing memorandum that he was the perpetrator of the fraud

and assumed responsibility for what had happened to his victims. Cummings, the head of Paramount, was indicted in the Southern District of Ohio. Although prosecutors in the case against Cummings were aware of Mr. Ryan, as his name appears in a non-derogatory fashion in the indictment against Cummings, Mr. Ryan was never indicted. Cummings was, under the terms of his plea agreement, obligated to testify truthfully and completely to the operations of Paramount. Still, Mr. Ryan was never indicted. Cummings eventually pleaded guilty and was sentenced to approximately four years.

(c) Plaintiff's counsel informed me that the State of Florida prosecutors completed their investigation of an alleged fraudulent scheme by which one of the underlying plaintiffs had been bilked (along with others) and concluding that Ryan was a victim, not a perpetrator, and thanked him for his invaluable help in seeing justice was done. The State of Florida determined that Mr. Ryan was a victim of that advance fee fraud scheme. Indeed, Mr. Ryan aided the State of Florida in prosecuting several defendants. This advance fee fraud scheme defrauded Mr. Ryan as well as a plaintiff in the *Ciolino v. Ryan* action. This investigation by the State of Florida took nearly 10 years.

5. I was informed of the facts recited in paragraph 4 subdivision (a) through (c) by plaintiff's counsel, and I assume those facts are true. I was informed that the documents forming the basis for the facts recited in paragraph 4 subdivisions (a) through (c) are properly authenticated in this opposition elsewhere either by declaration or request for judicial notice.

6. Based on my experience as recited in paragraph 2, it is my opinion that were the facts recited in paragraph 4 subdivision (a) through (c) been available to Mr. Ryan and myself at trial, it is likely there would have been a different and more favorable result for Mr. Ryan at trial.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true. This declaration was executed on July 7, 2010 at San Rafael in the State of California.

_____
Louis Franecke